*In re* MARRIAGE OF DOROTHY WORKMAN, Petitioner-Appellee, and EDWARD H. WORKMAN, Respondent-Appellant.

First District (3rd Division)    No. 78-2141

Opinion filed October 22, 1980.

William M. Daemicke, of Chicago, for appellant.

Steven P. Gomberg, of Gomberg & Schaps, of Chicago, for appellee.

Miss PRESIDING JUSTICE McGILLICUDDY delivered the opinion of the court:

On December 1, 1975, a judgment for divorce was entered by the Circuit Court of Cook County terminating the marriage of the petitioner, Dorothy Workman, and the respondent, Edward H. Workman. Incorporated in the judgment was a "Workman Marital Agreement" executed by both parties on December 1, 1975.

The sole issue raised in this appeal is whether a certain provision in the agreement was a property settlement award in lieu of alimony or periodic alimony.

The pertinent provisions of the agreement provided as follows:

"3. The Husband agrees to pay to the Wife, and the Wife agrees to accept, as and for her periodic payments, and as and for the support and maintenance of WILLIAM, the following sums upon the following terms and conditions:

(a) Seventy-Five Dollars ($75.00) per week commencing upon the effective date of this Agreement, and a like sum on the same day of each week thereafter until the first to occur of the following events:

(i) the Wife's death, or

(ii) William has attained the age of 18 years and has completed his high school education or has ceased to attend.[1]

(b) If the Wife is alive upon the occurrence of the event set forth under sub-paragraph (ii) above then the Husband shall pay to the Wife the sum of Sixty Dollars ($60.00) per week until the first to occur of the following events:

(i) the Wife's death, or

(ii) sixty (60) months from the effective date of this agreement.

(c) In addition to the foregoing periodic payments the husband agrees to pay to the Wife upon the expiration of the aforesaid sixty (60) month period the sum of Six Thousand Dollars ($6,000.00).

* * *

13. To the fullest extent by law permitted to do so, the Wife agrees that in the event either party obtains a judgment for divorce from the other in any court of competent jurisdiction, the Wife shall ask the permission of the Court to be allowed to waive any claim or

---

[1] When the agreement was signed, William was employed on a full-time basis and no longer attended high school.

right to alimony and support from the Husband, past, present or future."

On October 7, 1977, the petitioner filed a petition for a rule to show cause why the respondent should not be held in contempt of court for failure to pay her $60 a week as ordered in the judgment for divorce. The petitioner alleged that the respondent had made no payment since January 5, 1977, and that as of October 3, 1977, he was in arrears in the amount of $4360.

The respondent filed his answer to the petition in which he asserted that his obligation to pay the $60 per week terminated on December 4, 1976, the date of the petitioner's remarriage.

The trial court conducted a hearing to determine whether the parties intended the payments specified in the agreement to be a property settlement award in lieu of alimony or periodic alimony. The petitioner's former attorney testified that the decree provided for a property settlement in lieu of alimony. He explained that because the respondent had insufficient funds at the time of the divorce, the settlement award was payable over five years with $6000 due at the end of this period in order to give the respondent the opportunity to accumulate the funds. The petitioner also testified that the payments were intended to be a property settlement award in lieu of alimony.

On September 28, 1978, the trial court entered an order finding that the payments were a property settlement award in lieu of alimony and that the respondent was in arrears on said payments in the amount of $7,370, and entered judgment against the respondent for this amount. The respondent appeals.

■■ The payment of alimony is based upon the common law duty of a husband to support his wife. It is for an indefinite period of time and is usually for an indefinite sum. The amount of alimony is based upon the husband's income and the wife's needs and is modifiable upon a change of circumstances. *Walters v. Walters* (1950), 341 Ill. App. 561, 94 N.E.2d 726, *aff'd* (1951), 409 Ill. 298, 99 N.E.2d 342.

■■ In contrast, a property settlement in lieu of alimony is for a definite amount of money and cannot be modified. (*Walters v. Walters* (1951), 409 Ill. 298, 99 N.E.2d 342; *Jacobson v. Jacobson* (1964), 50 Ill. App. 2d 244, 200 N.E.2d 379.) The fact that the settlement is payable in installments or the fact that these installments would terminate upon the death or remarriage of the wife does not change the property settlement to an agreement for periodic alimony. *Roberts v. Roberts* (1967), 90 Ill. App. 2d 184, 234 N.E.2d 372.

■■ In the instant case the agreement referred to the installments as "periodic payments." This language suggests that the payments were intended to be alimony. However, the agreement also contained pro-

visions which indicate a settlement in lieu of alimony. The agreement specifically stated that the petitioner waived any right to alimony or support from the respondent. In addition, the settlement was for a definite sum of money. It provided that the petitioner would receive $75 per week until William reached the age of 18, an ascertainable date, or left high school, an event which had already occurred. Thereafter, the petitioner would receive $60 per week until the expiration of 60 months from the date of the decree. At that time she would receive a final payment of $6,000. The fact that the installments would terminate upon the petitioner's death does not render the settlement amount indefinite. *Roberts.*

■■ When an agreement contains some characteristics of periodic alimony, but also contains language commonly identified with a lump sum settlement, parol evidence is admissible to determine the intention of the parties. (*Sudler v. Sudler* (1972), 6 Ill. App. 3d 546, 286 N.E.2d 113.) As we have discussed, the agreement was ambiguous, and the trial court properly conducted an evidentiary hearing to discover the intent of the parties.

■■ The interpretation and construction of a periodic payment agreement by the trial court, in light of all the surrounding facts as disclosed in the record, will not be set aside unless contrary to the manifest weight of the evidence. (*Pacione v. Pacione* (1980), 81 Ill. App. 3d 600, 402 N.E.2d 316; *Carvallo v. Carvallo* (1978), 62 Ill. App. 3d 394, 378 N.E.2d 1288.) Our review of the agreement reveals that the trial court's interpretation was a reasonable one and was supported by all of the testimony at the evidentiary hearing. Accordingly, the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

McNAMARA and RIZZI, JJ., concur.