STEPHEN CLAIR OLSON, Petitioner-Appellant, *v.* NORMA JEAN OLSON, Respondent-Appellee.

Third District   No. 82—509

Opinion filed April 11, 1983.

Dwight L. Shoemaker, of Conway & Shoemaker, of Aledo, for appellant.

Thomas R. Appleton, of Presney, Huffman, Kelly & Appleton, of Springfield, for appellee.

JUSTICE ALLOY delivered the opinion of the court:

The petitioner, Stephen Olson, petitioned the trial court to terminate his monthly payments to his ex-wife, Norma Jean Olson. The

trial court characterized these payments as either a lump sum property settlement payable by installments or as alimony in gross and, therefore, not modifiable. Mr. Olson appeals, contending these payments are periodic maintenance payments and subject to modification by the court.

In January 1980, the parties received a dissolution of marriage. Under a settlement agreement, Mrs. Olson received custody of their sole minor child. Concerning property and maintenance, the settlement agreement stipulates, in relevant part:

> "7. CASH. Effective as of the date of a Judgment of a Dissolution of Marriage herein, Husband shall pay to Wife, a lump sum of $6,000.00 which represents her interest in the marital property pursuant to Illinois Revised Statutes (1977), Chapter 40, Section 503(c).

> 8. MAINTENANCE. Pursuant to Illinois Revised Statutes (1977), Chapter 40, Section 504, Husband shall pay maintenance to Wife in a monthly amount of $400.00 for five (5) years, totalling $24,000.00. Petitioner shall make all such maintenance payments through the Clerk of Court of Mercer County, Illinois, commencing February 1, 1980, and each month thereafter until the maintenance obligation is satisfied."

The parties also agreed that "*** Petitioner's [Mr. Olson] obligation to pay maintenance shall not increase by any change in circumstances."

This is the second time these parties have been before this court. In *In re Marriage of Olson* (1981), 98 Ill. App. 3d 316, 424 N.E.2d 386, this court upheld a trial court's denial of Mr. Olson's petition to change custody and modify maintenance. Mr. Olson contended that his ex-wife was engaged in a continuing, conjugal relationship with another man and that there was a sufficient change in Mrs. Olson's financial circumstances (she had recently secured employment as a waitress) to justify a modification in maintenance. On the merits of these claims, this court found no continuing conjugal relationship nor any change in circumstances that would justify a modification of the maintenance award.

In January 1982, Mr. Olson again petitioned the court to terminate the maintenance payments, alleging that he is insolvent and unable to afford these payments. The trial court, upon Mrs. Olson's motion to strike the petition, ruled that these payments were not maintenance payments, but a lump sum payable in installments. The trial court ruled that these payments are not modifiable. Mr. Olson appeals this order.

Mr. Olson argues that the doctrines of *res judicata* and collateral estoppel conclusively determine the issue of modification in his favor. Since the ability to modify the payments is a prerequisite to considering actual modification, Mr. Olson argues that this court implicitly ruled that the payments are modifiable maintenance payments. Mr. Olson also notes that Mrs. Olson did not raise the issue of nonmodifiability when she had an opportunity to do so, thus precluding her from raising this issue now. Mr. Olson further argues that, on the merits, the payments are a modifiable periodic maintenance award and that, as a matter of law, his obligation should be terminated.

This appeal is unusual, in that here a *petitioner* asks a court to invoke the doctrines of *res judicata* and collateral estoppel. In the usual case, a defendant or respondent will raise these claims to protect himself from subsequent claims by the same opposing party. In the case at bar, the party who lost once before now advances another position, relying in part upon the previous ruling against him. The fundamental principles underlying the issue preclusion doctrines will not change, regardless of which party raises them.

█ Mr. Olson presents strong arguments in favor of the application of *res judicata* and collateral estoppel, but his arguments are flawed. *Res judicata* will bar a subsequent action between the same parties when a court of competent jurisdiction renders a final judgment on the merits. (*In re Marriage of Donnellan* (1980), 90 Ill. App. 3d 1032, 414 N.E.2d 167.) Application of this doctrine requires the second suit to have the same parties (or their privies), the same cause of action, and the same subject matter as the prior litigation. (*Donnellan.*) Moreover, as Mr. Olson correctly notes, *res judicata* will bar any relitigation of any issue or claim that was raised or that could have been raised in the previous case. *Consolidated Distilled Products, Inc. v. Allphin* (1978), 73 Ill. 2d 19, 328 N.E.2d 217.

Although the present litigation involves the same parties and concerns the same subject matter, it does not involve the same cause of action. For purposes of *res judicata*, the causes of action are identical when the same evidence would sustain both actions. (*LaGrange Federal Savings & Loan Association v. Rock River Corp.* (1981), 97 Ill. App. 3d 712, 423 N.E.2d 496.) In the instant appeal, the evidence is quite different from that in the first appeal. Mr. Olson's alleged insolvency requires proof that is far different from that required in the first hearing, in which Mr. Olson contended that his ex-wife was now working and able to support herself. Since the causes of action are different, Mr. Olson cannot use *res judicata* to preclude Mrs. Olson from raising the issue of modifiability of the monthly payments.

■ Similarly, Mr. Olson's use of collateral estoppel is flawed. Although the doctrine of collateral estoppel requires the same parties or their privies and an identity of issues (*Murphy v. Urso* (1981), 88 Ill. 2d 444, 430 N.E.2d 1079), it does not require an identity between the causes of action. (*Hassett Storage Warehouse, Inc. v. Board of Election Commissioners* (1979), 69 Ill. App. 3d 972, 387 N.E.2d 785.) "Collateral estoppel concludes only those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered." (*Cranwill v. Donahue* (1981), 99 Ill. App. 3d 968, 970, 426 N.E.2d 337.) In the prior case, the parties did not litigate the character of the monthly payments. Therefore, collateral estoppel would not bar Mrs. Olson from raising this issue now.

On the merits of the argument, though, we find that these monthly payments are periodic maintenance payments subject to modification. Mrs. Olson, citing *In re Support of Burks* (1981), 100 Ill. App. 3d 700, 427 N.E.2d 353, argues that maintenance in gross or lump sum property settlements payable by installments exist under section 504 of the Illinois Marriage and Dissolution of Marriage Act. (Ill. Rev. Stat. 1981, ch. 40, par. 504.) Mr. Olson's reliance upon *In re Marriage of Christianson* (1980), 89 Ill. App. 3d 167, 411 N.E.2d 519, for a contrary position is mistaken. In *Christianson*, this court specifically stated that the Act does not preclude an award of alimony in gross. This court merely noted that this concept was now merged in the new act's statutory definition of "maintenance."

The real issue here is whether the parties' agreement created a periodic maintenance payment subject to modification. As Mrs. Olson correctly notes, the characterization of a financial settlement between two parties to a divorce does not necessarily depend upon the label they place on the settlement provisions. (*Roberts v. Roberts* (1967), 90 Ill. App. 2d 184, 234 N.E.2d 372.) As with any contract, it is the intent of the parties which must govern the interpretation of a settlement agreement. (*In re Estate of Kite* (1974), 19 Ill. App. 3d 932, 312 N.E.2d 366.) Unless the agreement is incomplete or ambiguous, the intent of the parties must be determined from the language of the settlement agreement itself. *Sudler v. Sudler* (1972), 6 Ill. App. 3d 546, 286 N.E.2d 113.

■ In the case at bar, the agreement plainly indicates that it is complete and unambiguous as to property and maintenance. The parties recognized their respective interests in marital property and maintenance and explicitly stated that they believed it was in their best interests to settle such financial matters without the aid of the court. In one section, Mrs. Olson specifically accepts a lump sum pay-

ment that represents her interest in marital property. In other sections of the agreement, Mrs. Olson specifically accepted monthly payments of $400 for five years as her maintenance allowance. The parties not only denominated these payments as maintenance, but also referred to section 504 of the Act, which provides for an award of maintenance. Additionally, the parties agreed to prohibit any increase in the payments, yet were silent as to a possible decrease. This indicates the parties considered potential modification of the payments and agreed to a partial restriction. If, as Mrs. Olson claims, these payments represented a property settlement or alimony in gross, the provision that restricts modification would be mere surplusage: Lump sum property settlements payable by installments and awards of maintenance in gross are already not modifiable. (*In re Marriage of Workman* (1980), 89 Ill. App. 3d 886.) Although the recitation of a "total" of $24,000 in monthly payments creates some confusion, it cannot stand as a basis for effectively nullifying one provision of an agreement. A court must construe an agreement so as to give effect to each of its provisions and avoid constructions which would render a provision superfluous. (*Roosevelt University v. Mayfair Construction Co.* (1975), 28 Ill. App. 3d 1045, 331 N.E.2d 835.) We find, therefore, the trial court erred when it ruled that these monthly payments are not modifiable maintenance payments.

Finally, Mr. Olson asks this court to rule that he is unable to meet the maintenance payments and that they should be terminated. Mr. Olson presented extensive evidence concerning his financial situation to the trial court. The trial court made an examination of the records and stated that it found no change in circumstances to justify a termination of maintenance. Since the trial court's decision primarily relies upon its characterization of the payments, it is prudent to remand this case to the trial court, in order to allow it the benefit of a complete examination of Mr. Olson's financial position. We express no opinion on the merits of Mr. Olson's claim of a substantial change in circumstances that would justify modification of the maintenance award.

Accordingly, the judgment of the circuit court of Mercer County is reversed and the cause is remanded.

Reversed and remanded.

STOUDER, P.J., and SCOTT, J., concur.