*In re* MARRIAGE OF RODNEY JOSEPH PITTS, Petitioner-Appellee, and TERRI JEAN PITTS, Respondent-Appellant.

Fifth District   No. 5—86—0762

Opinion filed May 10, 1988.

Gary E. Peel, of Edwardsville, for appellant.

Dean E. Sweet, of Holland, Sweet & Barr, of Wood River, for appellee.

PRESIDING JUSTICE HARRISON delivered the opinion of the court:

Respondent, Terri Pitts, appeals from a judgment of the circuit court of Madison County, contending that: (1) the circuit court's denial of her request for child support during visitation was an abuse of discretion; (2) the circuit court's order requiring the petitioner, Rodney Pitts, to pay 40% of the mortgage installments and insurance premiums due from September of 1985 to the date of the sale of the home, rather than the entire sum of the mortgage installments and insurance premiums as they came due, was an impermissible modification of a property distribution in violation of section 510(a) of the Illinois Marriage and Dissolution of Marriage Act (the Act) (Ill. Rev. Stat. 1985, ch. 40, par. 510(a)); and (3) the circuit court's denial of respond-

ent's request for attorney fees was an abuse of discretion. For the reasons which follow, we reverse the circuit court and remand this cause for determinations consistent with this opinion.

Petitioner and respondent were married on August 23, 1969. Their marriage produced two children, Jason Pitts, born November 12, 1973, and Alaina Pitts, born April 1, 1978. On September 10, 1982, the circuit court of Madison County issued a judgment of dissolution of the marriage of petitioner and respondent. The judgment of dissolution provided, *inter alia*, that respondent would receive custody of the children and that petitioner would pay to respondent the sum of $300 per month for the support of the minor children. The judgment of dissolution incorporated a property settlement, custody and visitation agreement whereby the marital home, owned in joint tenancy by the parties, would remain in respondent's possession until one of the contingencies enumerated in the settlement agreement occurred. The portions of the agreement relevant to this appeal are as follows:

"I. ***

4. The parties own as joint tenants the real estate described as 3304 Morkel Drive, Godfrey, Illinois ***

5. The wife shall be permitted to reside in the marital residence until the earliest to occur of the following:

A. The youngest of the children completes her college education.

B. The youngest of the children reaches age twenty-two (22).

C. Both children permanently terminate their college education, if they do so.

D. The wife remarries.

E. Both children become emancipated.

F. The wife cohabits with a male while unmarried to said male.

6. With regard to said real estate:

A. The husband agrees to pay all mortgage installments at Home Savings & Loan as they are due from this date forward until one of the contingencies named in paragraph 5 occurs. ***

B. The husband agrees to hold the wife harmless from the payment of said mortgage installments.

C. The husband agrees to pay all real estate taxes on the aforesaid residence as they become due and payable until the earliest to occur of any of the following events:

i. The wife remarries.

ii. The wife cohabits with a male while unmarried.

iii. The house is sold to a third party.

iv. The wife becomes healthy enough for a continuous six-month period such that she would not meet the definition of a disabled person as defined by the Social Security Administration as of the date in question and said state of health occurs on or after the youngest of the children reaches age twenty-two. \*\*\*

7. Upon one of the contingencies occurring in paragraph labeled 5, the aforesaid real estate shall be placed for sale on the open market through a reputable realtor upon which both parties shall agree. \*\*\*

8. Proceeds of sale. If the sale of the house is to a third party, the husband shall bring the mortgage completely up to date by making all payments as they come due up through the date of closing. The proceeds of the sale shall then be distributed as follows:

A. First, the proceeds shall be used to pay off the mortgage balance as it should be standing at the date of closing.

B. Next, all costs of the sale, including real estate commissions and real estate taxes shall be paid.

C. Next, sixty percent (60%) of the balance shall be paid to the wife.

D. Next, an amount of money equal to the prorated real estate taxes deducted from the amount due from buyer at the date of closing shall be paid to the wife.

E. Last, the balance shall be paid to the husband."

On June 26, 1985, the circuit court of Madison County found that the circumstances of the custody order of September 10, 1982, had substantially changed since that date and modified the order by awarding custody of the children to the petitioner. The court also terminated the petitioner's obligations to pay child support. Subsequent to the date of the circuit court's order, the children moved to petitioner's home while respondent retained possession of the marital residence. Respondent received visitation rights which included one month of visitation in July of subsequent years.

On October 24, 1986, the circuit court of Madison County ordered that petitioner and respondent specifically enforce the provisions of the property settlement agreement which required the sale of the marital residence, owned in joint tenancy by the parties, upon the occurrence of a contingency specified in the agreement. The court found

that the transfer of the custody of the children from respondent to petitioner triggered section one, subparagraph five, letter E, of the agreement, which required the sale of the marital home after the emancipation of the children. The court found in support of this order that the intent of the parties at the time they entered into the property settlement agreement was to stabilize the children's home environment and to provide for the children's best interests by keeping the possession of the residence with respondent so long as she had custody of the children.

In its order of October 24, 1986, the circuit court directed the petitioner to pay the entire sum of the mortgage installments in arrears up to September of 1985, the month that the petitioner filed his petition in this cause, and ordered petitioner to pay 40% of the mortgage payments and the insurance payments from September of 1985 until the month that the parties sold the house. The order required respondent to pay 60% of the mortgage payments and the insurance payments after September of 1985 because the split in the equity prescribed by the property settlement agreement was on the basis that respondent owned an interest in 60% of the equity in the home after its sale while petitioner retained an interest in the remainder. The court distinguished between the mortgage installments and the taxes owed on the residence, found that the agreement provided for the actuation of different contingencies that would terminate the petitioner's obligation to pay the taxes on the residence, found that the change in custody did not trigger any of the contingencies requiring the termination of petitioner's obligation to pay the taxes, and ordered the petitioner to pay the full amount of all real estate taxes in arrears at the time of the proceedings and subsequent taxes until the sale of the home. The court denied respondent's request for $300 of child support during the month of custody in July, and denied her request for attorney fees.

Respondent appeals, contending that: (1) the circuit court's denial of her request for child support during visitation was an abuse of discretion; (2) the circuit court's order requiring respondent to pay 60% of the mortgage installments and insurance premiums due from September of 1985 until the date of the sale of the home was an impermissible modification of a property distribution in violation of section 510(a) of the Act (Ill. Rev. Stat. 1985, ch. 40, par. 510(a)); and (3) the circuit court's denial of respondent's request for attorney fees was an abuse of discretion.

Regarding the first issue on appeal, the respondent contends that she is entitled to periodic maintenance for the custodial time spent

with the children in the month of July. Section 505(a) of the Act provides:

"In a proceeding for dissolution of marriage ***, the court may order either or both parents owing a duty of support to a child of the marriage to pay an amount reasonable and necessary for his support, without regard to marital misconduct.

(1) The court shall determine the minimum amount of support by using the following guidelines:

| Number of Children | Percent of Supporting Party's Net Income |
|---|---|
| 1 | 20% |
| 2 | 25% |
| 3 | 32% |
| 4 | 40% |
| 5 | 45% |
| 6 or more | 50% |

(2) The above guidelines shall be applied in each case unless the court, after considering evidence presented on all relevant factors, finds a reason for deviating from the guidelines. Relevant factors may include but are not limited to:

(a) the financial resources of the child;

(b) the financial resources and needs of the custodial parent;

(c) the standard of living the child would have enjoyed had the marriage not been dissolved;

(d) the physical and emotional condition of the child, and his educational needs; and

(e) the financial resources and needs of the non-custodial parent.

If the court orders a lower award, based on consideration of the factors in paragraphs (2)(a) through (2)(e) of subsection (a) of this Section, it shall make express findings as to its reason for doing so." Ill. Rev. Stat. 1985, ch. 40, par. 505(a).

In its order of October 24, 1986, the circuit court expressly found that respondent could not prove her inability to provide the support necessary for the period of visitation, and thus denied the support because respondent could not prove a need. Respondent asserts that the trial court made these findings against the manifest weight of the evidence, and contends that the court abused its discretion because the testimony at trial clearly demonstrated that respondent could not adequately support the children without the custody payment provided by

petitioner for the month of visitation in July.

We find that the particular facts and circumstances of respondent's case demonstrated that respondent proved a need for support during the month of visitation in July and that the trial court abused its discretion when it refused to award her the support.

■ Section 505(a)(2) of the Act prescribes that the trial court may order a parent owing a duty of support to a child to pay a reasonable amount for the support, using the guidelines prescribed by the statute, unless the court expressly finds a reason for deviating from these guidelines. (Ill. Rev. Stat. 1985, ch. 40, par. 505(a)(2).) These guidelines are in the nature of a mandate to the trial court. *In re Marriage of Meyer* (1986), 140 Ill. App. 3d 1031, 1036, 489 N.E.2d 906, 910; *In re Marriage of Hilkovitch* (1984), 124 Ill. App. 3d 401, 416, 464 N.E.2d 795, 804.

■ The testimony at trial indicated that respondent has no reasonable capacity to provide for the children in her single month of custody. The undisputed testimony showed that respondent suffered a back injury shortly before the divorce that initially rendered her temporarily disabled, then rendered her permanently disabled about nine months subsequent to the divorce. Since the time of respondent's disability, her sole assured source of income has been a disability payment from the Illinois Teacher's Retirement System of $527 per month. Respondent's parents make a voluntary payment of $300 per month towards her support, but this payment is completely discretionary on their part and could thus terminate at any time.

Petitioner argues that respondent had already received a settlement from a personal injury claim and would receive a sum from the sale of the marital residence which would enable her to sufficiently support the children during her month of visitation in July. Respondent owned a 60% equity in the marital residence, but neither petitioner nor respondent presented any expert testimony in the record which would enable this court to place a value on respondent's share of the equity in the home prior to its sale and prior to the payment of the remaining debt on the home. Thus we cannot find in the record any evidence other than mere speculation that respondent received a sum from the sale of the home significantly large enough to contribute to her support of the children during her month of custody. Respondent was compensated for personal injuries by a settlement netting her approximately $10,000. The testimony in the record does not indicate whether respondent retained the benefits of this $10,000 settlement or whether the settlement covered losses suffered in the injury, nor did the testimony indicate that respondent would receive any

monthly income from this settlement. Thus the evidence presented in the record indicates that respondent has monthly expenses of $875 a month and an assured income of $527 a month. This difference of $348 a month between income and expenses evinces an inability by respondent to properly care for the children without additional support while the children are in her custody during the month of visitation in July.

■ Section 505(a) of the Act provides that the court may order a parent owing a duty of support to a child to pay an amount reasonable for the support of the child. (Ill. Rev. Stat. 1985, ch. 40, par. 505(a).) The court of review will not disturb the order of the trial court establishing the amount of the support absent an abuse of discretion. (*In re Marriage of Dwan* (1982), 108 Ill. App. 3d 808, 812, 439 N.E.2d 1005, 1008.) We find that the circuit court abused its discretion when it denied respondent's request for child support in the month of July, and we reverse the court and remand this cause with directions for the circuit court to determine the proper amount to be paid to respondent for this month.

■ Regarding respondent's second issue on appeal, that this court reverse the trial court's finding of the division and disposition of the mortgage payments by the parties, the respondent contends that the circuit court's determination to modify the property settlement agreement requiring petitioner to pay the entire sum of the monthly mortgage payments as they came due is in error as a matter of law because the award was a property disposition and nonmodifiable under section 510(a) of the Act. (Ill. Rev. Stat. 1985, ch. 40, par. 510(a).) In order to determine this issue, we must consider whether the agreement directing the division and disposition of the mortgage payments by the parties was a property disposition or an award of periodic maintenance. If the agreement is a property disposition, then the trial court's modification of the property settlement agreement requiring petitioner to pay the entire amount of the mortgage payments up to the date of the sale of the marital residence was in error as a matter of law.

The trial court relied on the case of *Lamp v. Lamp* (1980), 81 Ill. 2d 364, 410 N.E.2d 31, in support of its position that the petitioner's obligation to pay the full amount of the mortgage payments was an award of periodic maintenance, and that the obligation ended upon the filing of his petition asserting that the change in custody significantly changed the circumstances of the parties and required a modification of the agreement. In *Lamp*, plaintiff petitioned to modify a divorce decree. The original decree provided that the parties would

continue to own the marital home as joint tenants while the wife would have the right to possession of the home until her remarriage, or until the youngest child attained the age of 18 years, whichever occurred first. The court subsequently modified the decree and awarded custody of the children to the father. The father then petitioned to sell the residence, alleging a substantial change in circumstances due to the change in custody of the children. The trial court modified the decree and ordered the immediate sale of the home and a division of the proceeds as provided by the property settlement agreement as incorporated in the dissolution decree. On appeal, the wife contended that the original decree which awarded her the possession of the marital home was a property disposition which was not subject to modification.

The Illinois Supreme Court affirmed the judgments of the appellate court and trial court and found that the award to the wife of the possession of the home was an award of periodic maintenance provided by the husband for the benefit of the children, and not a nonmodifiable property settlement. Thus the award was subject to modification upon a party's showing of a substantial change in circumstances. *Lamp v. Lamp* (1980), 81 Ill. 2d 364, 377, 410 N.E.2d 31, 37.

The case *sub judice* is easily distinguished from the situation in *Lamp* because the court in *Lamp* ruled on a provision in the settlement agreement awarding possession of the marital residence to the wife, which the court found to be of periodic maintenance and hence modifiable. The respondent in the case at bar does not dispute the order of the court requiring her to relinquish possession of the home and to place the marital residence for sale with an agent, but disputes the modification of the property settlement agreement which reduces the petitioner's share of the mortgage payments from 100% to 40% and increases the respondent's share from 0% to 60%.

The *Lamp* court found that "[t]here is no basis in the record for treating the possession of the marital home as being either alimony in gross or as part of a property settlement." (*Lamp v. Lamp* (1980), 81 Ill. 2d 364, 373-74, 410 N.E.2d 31, 35.) In the case at bar, however, there is ample reason for treating the mortgage payments as a property settlement and not modifiable. The property settlement agreement expressly required the petitioner to make all of the mortgage payments up until the sale of the home. Section one, subparagraph six, letter A, of the agreement required the petitioner to "pay all mortgage installments at Home Savings and Loan as they are due from this date forward until one of the contingencies named in para-

graph 5 occurs." The trial court found that the change in custody emancipated the children and triggered a contingency in paragraph 5. The triggering of this contingency did not release petitioner from his obligation to pay the entire sum of the mortgage payments, however, because a subsequent provision, section one, subparagraph eight, required that upon the sale of the house the petitioner must "bring the mortgage completely up to date by making *all* payments as they come due up through the date of the closing." (Emphasis added.) The agreement thus clearly provided that petitioner pay the entire sum of the mortgage payments until the parties finalized the sale of the home. The court must determine the intent of the parties from the language of the settlement agreement. (*Olson v. Olson* (1983), 114 Ill. App. 3d 28, 31, 448 N.E.2d 229, 233.) The intent of the parties as prescribed in this agreement is clearly to require the petitioner to pay all of the mortgage payments on the house until the date of the sale of the residence. Thus the court did not modify a temporary custody provision, as did the court in *Lamp*, but modified a property settlement in violation of section 510(a) of the Act (Ill. Rev. Stat. 1985, ch. 40, par. 510(a)).

▪ Whether a substantial change in circumstances occurred is irrelevant when the property being modified is in the nature of a property disposition. Section 510(a) of the Act prescribes that dispositions of property in a marriage dissolution are final absent an averment that conditions justify reopening the judgment. (Ill. Rev. Stat. 1985, ch. 40, par. 510(a).) "The provisions as to property disposition may not be revoked or modified, unless the court finds the existence of conditions that justify the reopening of a judgment under the laws of this State." (Ill. Rev. Stat. 1985, ch. 40, par. 510(a).) The trial court's modification of the petitioner's obligation to pay the entire sum of the mortgage payments until the date of the sale of the home is thus clearly in violation of the statute. We must therefore reverse this determination and remand this cause to the trial court with directions to reinstate the original provision in the property settlement agreement requiring the payment of all mortgage installments by the petitioner until the sale of the home.

▪ Respondent's third contention on appeal is that the trial court abused its discretion in denying respondent's petition for attorney fees. The trial record indicates that respondent was represented by two attorneys, Tad Armstrong and Gary Peel, from an Edwardsville law firm, and that these attorneys billed the respondent at the rate of $80 per hour for 15 hours of work before the hearing, plus four hours for the time spent representing her at the hearing. The request for

fees also includes the time respondent's attorneys spent preparing this appeal.

The award of attorney fees in a dissolution proceeding is left to the sound discretion of the trial court, and a court of review will reverse only for an abuse of discretion. (*In re Marriage of Rogers* (1980), 86 Ill. App. 3d 904, 908, 408 N.E.2d 448, 452, aff'd (1981), 85 Ill. 2d 217, 422 N.E.2d 635.) Section 508(a) of the Act prescribes that the trial court in its discretion may order either spouse to pay reasonable attorney fees necessarily incurred by the other spouse in a proceeding to enforce a dissolution decree. (Ill. Rev. Stat. 1985, ch. 40, par. 508(a); *In re Marriage of Donahoe* (1983), 114 Ill. App. 3d 470, 477, 448 N.E.2d 1030, 1035.) Generally, the party seeking the attorney fees must show a financial inability to pay the fees and must show the financial ability of the opposing spouse to pay. (*In re Marriage of Rogers* (1980), 86 Ill. App. 3d 904, 908, 408 N.E.2d 448, 452, aff'd (1981), 85 Ill. 2d 217, 422 N.E.2d 635.) "Financial inability exists where payment would strip the person of the means of her support and undermine her economic stability." *In re Marriage of Bentivenga* (1982), 109 Ill. App. 3d 967, 975, 441 N.E.2d 336, 342.

■ We find that the facts and circumstances of respondent's case demonstrate that the trial court abused its discretion by refusing to award the respondent attorney fees. The record indicates a significant disparity between the ability of the petitioner and the ability of the respondent to pay respondent's fees. At the time of the trial, the petitioner earned $2,000 a month from his law practice. The respondent was totally disabled within nine months after the divorce, earned $527 per month from disability payments, and received $300 per month as voluntary payments from her parents. While we are aware that there is no presumption that a spouse is unable to pay the attorney retained (*In re Marriage of Meyer* (1986), 140 Ill. App. 3d 1031, 1036, 489 N.E.2d 906, 909), under these circumstances we find that the disparity in incomes between the parties is so great and the inability of the respondent to meet these payments so manifest that no reasonable basis exists for not awarding these fees to respondent. Therefore, we find that the trial court abused its discretion in refusing to award the fees, and we reverse and remand this cause for a determination of the proper amount of the fees.

We thus find: (1) that the circuit court abused its discretion when it denied respondent's request for child support in the month of July; (2) that the trial court's modification of the petitioner's obligation to pay the entire sum of the mortgage payments until the date of the sale of the home is a modification of a property disposition in violation

of section 510(a) of the Act (Ill. Rev. Stat. 1985, ch. 40, par. 510(a)); and (3) that the trial court abused its discretion by refusing to award respondent attorney fees.

Reversed and remanded with directions.

LEWIS and CALVO, JJ., concur.