MYRNA STERN, Petitioner-Appellant, v. THOMAS STERN, Respondent-Appellee.

First District (3rd Division)   No. 87—1080

Opinion filed February 1, 1989.

Arthur Newman, of Chicago, for appellant.

Joel S. Ostrow, of Chicago, for appellee.

PRESIDING JUSTICE FREEMAN delivered the opinion of the court:

This case involves an appeal from the denial of a motion to vacate a judgment for dissolution of marriage filed by petitioner-appellant, Myrna Stern, against respondent-appellee, Thomas Stern. On appeal, petitioner contends that: (1) the trial court abused its discretion in entering a judgment denying her maintenance; setting child support at $100 per week for the parties' two children; and failing equitably to divide certain property; (2) the trial court erred in granting respondent's motion to strike petitioner's amended petition to vacate the judgment for dissolution of marriage and denying petitioner an evidentiary hearing on the motion; and (3) the trial court abused its discretion in denying petitioner's motion to continue the trial, considering irrelevant matters regarding the motion, and making prejudicial comments to petitioner's counsel.

For the reasons stated below, we reverse the judgment of the circuit court and remand this matter for further proceedings.

The record indicates the following. The parties were married on July 19, 1976. On December 17, 1981, petitioner filed a petition for dissolution of the marriage, asserting that as of December 1981, Thomas Stern was employed as an attorney and Myrna Stern was a housewife. Two children were born of the marriage—Richard, born July 17, 1977; and Johnathan, born April 19, 1979. On February 4,

1982, the trial court entered an order requiring respondent to pay petitioner $448.70 per month as unallocated support and maintenance, based on the court's finding that respondent's net monthly income was $1,482. The order granted petitioner leave to file a petition for modification if she was able to show that respondent's income was greater than that found by the court.

On February 26, 1982, petitioner filed a petition to reconsider and modify the support order. Petitioner alleged that respondent had an annual gross income in 1981 of $193,000 from his professional corporation, and also had a six-figure income in 1980, 1979, 1978, and 1977; that respondent has the use of three automobiles from his professional corporation; and that respondent's monthly personal expenses far exceeded the monthly sum he was required to pay in unallocated support and maintenance. The petition asserted that respondent was able to pay a substantially greater sum in support and maintenance than he was paying, and that substantially greater sums were required in order to provide for the standard of living enjoyed by petitioner and the children during the marriage. Also on February 26, 1982, petitioner filed an amended petition for dissolution.

Respondent filed a response, asserting that petitioner was confusing respondent's personal income with income from his professional corporation, and denying the existence of any grounds for modification. On May 18, 1983, after a hearing, the trial court entered an order finding that respondent's monthly net income was $3,600, and requiring respondent to pay $1,260 (35% of his income) per month as unallocated maintenance and support. The order required respondent to pay the modified amount retroactively to February 26, 1982.

Trial of the matter was set for March 10 and 12, 1986. On March 12, 1986, petitioner's motion to continue the trial date was granted. The trial court later set May 27, 1986, as a hearing date on pending motions. On May 27, 1986, counsel for both parties appeared in addition to respondent. Counsel for petitioner requested a continuance, asserting two grounds. First, petitioner had indicated to her counsel by telephone that morning that she was "paralyzed with fear" and was unable to appear at the hearing. Petitioner's counsel indicated that he would be at "a tremendous disadvantage" if required to proceed with the hearing in the absence of his client. In addition, petitioner's counsel asserted that respondent had failed to comply with discovery requests regarding documents pertaining to respondent's income. Counsel for respondent stated at the hearing that his client would testify that he had complied with all discovery requests and had forwarded the requested documents to petitioner's former coun-

sel. Counsel for petitioner responded that he wished to call petitioner's former counsel to testify as to whether they received the requested documents. Counsel for petitioner also stated his awareness, however, that petitioner's former attorneys were not available to testify on the morning of the hearing.

The trial court denied the motion for continuance. Petitioner's counsel declined to present evidence on the petition. Respondent testified that his net monthly income was $1,800. He stated that the finding by the trial court in May 1983 that his monthly net income was $3,600 was a reflection of income for his professional corporation and was not an accurate representation of his personal income. Respondent explained that his income tax returns from his professional corporation showed that after business expenses were deducted, his net monthly income from the corporation was $1,800. Respondent also testified regarding petitioner's education and employment experience; that petitioner was living in a home which she owned prior to the marriage; and that the parties' two children were in excellent health. Petitioner's counsel declined to cross-examine respondent.

On June 5, 1986, the court entered judgment for dissolution of marriage and included in the judgment the following findings and rulings. Respondent's monthly income was $1,800. The court ordered that $50 per week for each of the parties' two children was a reasonable and proper sum for respondent to pay as child support and was within statutory guidelines. Further, the unallocated maintenance and support previously paid by the respondent stands in lieu of, and in the place of, rehabilitative maintenance. In addition, petitioner's failure to take any action regarding her own support indicated to the trial court that rehabilitative maintenance "will serve no useful purpose."

The trial court also found that there was no marital property to be dealt with, in view of the decision in *Stern v. Stern* (1982), 105 Ill. App. 3d 805, 434 N.E.2d 1164, involving an appeal from an action based upon the petition of Thomas Stern for declaratory judgment against Myrna Stern regarding a post-nuptial property agreement executed by the parties. In addition, the trial court held that respondent was responsible for payment of the children's medical insurance until they reach majority and for payment of their college educational expenses.

Petitioner filed a motion to vacate the judgment of dissolution within the time allowed for under section 2—1203 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1203). On Au-

gust 29, 1986, petitioner filed an amended petition to vacate. Petitioner asserted that respondent had fraudulently misrepresented his income to the court; that petitioner had not been prepared for trial by her previous counsel; and that petitioner was told by her previous counsel that the trial would not go forward on May 27, 1986. On October 2, 1986, respondent filed a motion to strike the original and amended petitions. The court granted respondent's motion and granted petitioner leave to file another amended petition to vacate. On November 26, 1986, petitioner filed another amended petition to vacate. Respondent's motion to strike this second amended petition was granted by the trial court on March 17, 1987, and petitioner appealed.

On appeal, petitioner contends that the trial court abused its discretion in making the child support award, since the court failed accurately to determine respondent's income or to consider other relevant factors set forth in section 505(a) of the Illinois Marriage and Dissolution of Marriage Act (Marriage Act) (Ill. Rev. Stat. 1985, ch. 40, par. 505(a)). Specifically, petitioner asserts that the trial court failed to consider the financial needs and resources of petitioner, the custodial parent; the standard of living the children would have enjoyed had the marriage not been dissolved; and the physical and emotional condition of the children. Petitioner asserts that the evidence indicated that respondent had been paying $1,260 per month for 51 months prior to trial in unallocated maintenance and child support. Further, respondent's testimony that his net monthly income was only $1,800 should have indicated to the trial court that respondent would thus be left with only $540 per month for his personal expenses, an unrealistic sum. The trial court, petitioner asserts, should have questioned respondent regarding a possible discrepancy regarding his expenses and financial resources. Petitioner contends that the court failed to review income tax returns relative to respondent's professional corporation, or to inquire regarding shareholders, directors, or officers of the corporation.

■ Section 505 of the Marriage Act provides that for two children, the minimum amount of child support the supporting parent must pay is 25% of his income. (Ill. Rev. Stat. 1985, ch. 40, par. 505(a)(1).) That percentage is to be applied unless the trial court, after considering evidence regarding relevant factors, determines that a different sum be required. Relevant factors include: (a) the financial resources of the child; (b) the financial resources and needs of the custodial parent; (c) the standard of living the child would have enjoyed had the marriage not been dissolved; (d) the physical and

emotional condition of the child, and his educational needs; and (e) the financial resources and needs of the noncustodial parent. (Ill. Rev. Stat. 1985, ch. 40, par. 505(a)(2).) The amount of the award lies within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. *In re Marriage of Rundle* (1982), 107 Ill. App. 3d 880, 438 N.E.2d 229.

█ In the instant case we find that the trial court abused its discretion in determining the award of child support. The record indicates a conflict in evidence regarding respondent's income. The record contains evidence that respondent is the sole shareholder of the corporation, which enjoyed a monthly profit of $3,600. On the other hand, respondent testified that his monthly income was $1,800, and stated that his income tax returns supported his assertion. The record indicates, however, that respondent failed to comply with petitioner's discovery request to provide documentation regarding his business expenses. The record fails to indicate that respondent ever presented the documentation to support his assertion that his monthly income was $1,800. The trial court therefore did not have before it sufficient evidence regarding respondent's income, the crucial factor relied upon by the trial court in determining the child support award.

Further, the only evidence the trial court considered regarding the circumstances of petitioner was that given through the testimony of respondent. Respondent testified regarding the employment history of petitioner, but the trial court was unaware of the actual needs of petitioner. Respondent also stated that while petitioner was unemployed at the time of the hearing, her education would allow her to obtain employment so that she could meet her financial needs. Without the testimony of petitioner herself, however, the trial court was unaware of any attempts by petitioner to obtain employment and was not in a position accurately to determine the resources of petitioner in relation to her ongoing expenses. Further, the testimony by respondent regarding the financial resources and needs of the children was very limited. In view of all of the foregoing, we find that the trial court abused its discretion in awarding child support and its order as to child support cannot stand. See *In re Marriage of Pitts* (1988), 169 Ill. App. 3d 200, 523 N.E.2d 664.

In addition, petitioner contends that the trial court erred in failing to consider the factors set out in section 504 of the Marriage Act (Ill. Rev. Stat. 1985, ch. 40, par. 504) in denying maintenance to petitioner. For instance, the court did not have evidence regarding petitioner's recent employment history, her income, or living expenses,

or regarding the standard of living enjoyed by the parties before their separation. In addition, the court did not consider what effect the need to care for the children had on petitioner's employability. Finally, the court did not have evidence regarding the physical or emotional condition of petitioner or the children.

■ Section 504(a) (Ill. Rev. Stat. 1985, ch. 40, par. 504(a)) provides that the court may grant a maintenance award only if it finds that the spouse seeking maintenance: (1) lacks sufficient property to provide for her reasonable needs; and (2) is unable to support herself "through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home"; or (3) is otherwise without sufficient income. Subsection (b) of section 504 (Ill. Rev. Stat. 1985, ch. 40, par. 504(b)) sets forth factors to be considered in determining an appropriate amount for the award.

■ We find, as similarly stated in our analysis of petitioner's argument regarding child support, above, that without the testimony of petitioner or other evidence presented to show specifically the resources and needs of petitioner in addition to the needs of the children, the trial court was unable to make a proper determination regarding whether maintenance should be awarded and what a reasonable award of maintenance would be. We find that the trial court abused its discretion by failing adequately to consider all relevant factors. This matter must be reversed and remanded to allow for a complete consideration of the factors relevant to an award of maintenance.

■ Petitioner also contends that the trial court abused its discretion in denying her motion for a continuance of the trial. Pursuant to section 2—1007 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1007), the trial court has discretion to grant a continuance "for the doing of any act" prior to judgment. Supreme Court Rule 231 provides that no motion for a continuance shall be heard after the cause has been reached for trial, unless a sufficient excuse is shown for the delay. (107 Ill. 2d R. 231.) The moving party must give especially grave reasons for a continuance once the case has reached the trial stage because of the potential inconvenience to the witnesses, the parties, and the court. (*Madison Associates v. Bass* (1987), 158 Ill. App. 3d 526, 511 N.E.2d 690; *Teitelbaum v. Reliable Welding Co.* (1982), 106 Ill. App. 3d 651, 435 N.E.2d 852.) A decisive factor in determining the propriety of the trial court's exercise of its discretion in ruling on a motion for continuance is whether the party seeking a continuance has shown a lack of due diligence in

proceeding with the cause. *Lipke v. Celotex Corp.* (1987), 153 Ill. App. 3d 498, 505 N.E.2d 1213.

■■ We find that in the instant case, petitioner set forth sufficient grounds for the granting of a continuance of the matter. Petitioner's counsel indicated that petitioner was emotionally unable to attend the trial on May 27, 1986. In addition, petitioner's counsel indicated at the hearing, in view of respondent's continued failure to provide requested discovery documents and assertion that such documents already had been provided to petitioner's former counsel, that it was necessary for him to call petitioner's former counsel to testify regarding whether the documents in fact had been received. Petitioner's request for a continuance for a later date when the former counsel would be available was not an unreasonable request. The requested documents pertain to respondent's income and thus contain information essential to the determination of the matters before the court. Nor do we find that petitioner failed to show due diligence in proceeding with the cause. Under these circumstances, we believe the trial court abused its discretion in denying a continuance.

Since we are reversing this matter on the grounds already determined, we need not address petitioner's remaining arguments regarding the granting of respondent's motion to strike the amended petition to vacate and the trial court's allegedly improper comments at the hearing on the motion.

For the foregoing reasons, we reverse the judgment of the circuit court of Cook County and remand this matter to the trial court for further proceedings.

Judgment reversed and cause remanded.

McNAMARA and RIZZI, JJ., concur.