*In re* MARRIAGE OF BETTY L. GALLENTINE, n/k/a Betty L. Snyder, Petitioner-Appellant, and ARLO E. GALLENTINE, Respondent-Appellee.

Third District No. 3—91—0003

Opinion filed August 2, 1991.

Nelson, Kilgus, Richey & Hauptman, of Morrison (Lon M. Richey, of counsel), for appellant.

Paul A. Osborn, of Ward, Murray, Pace & Johnson, of Sterling (Daniel C. Hawkins, of counsel), for appellee.

JUSTICE SLATER delivered the opinion of the court:

Betty L. Gallentine (the wife) and Arlo E. Gallentine (the husband) executed an property settlement agreement purporting to dispose of all the assets of their 30-year marriage which was approved by the court and incorporated into a judgment dissolving their marriage on February 2, 1989. The property settlement agreement stated in relevant part as follows:

> "3. The husband shall pay and be responsible for and hold the Wife harmless from liability on the outstanding indebtedness owed to River Valley Savings Bank, which constitutes a lien on the real estate awarded to the Wife herein.
>
> The obligation of Husband to pay the debts (as required by this paragraph) is acknowledged by the Husband to be a means of assisting Wife in providing for her needs, and is also in consideration of the disparate incomes of the parties. Therefore, it

is agreed that the obligation of Husband to pay such debts is in the nature of maintenance and that such obligation by Husband is an exception to discharge of indebtedness under the United States Bankruptcy Code.

\* \* \*

6. Each of the parties agrees to waive any claim against the other for alimony or maintenance, and agrees that they shall be forever barred from having, claiming or receiving alimony or maintenance from the other."

At the time of the dissolution the husband was 52 years of age and had been employed at Northwestern Steel and Wire Company for 26 years. The wife was employed at Community General Hospital and earned significantly less than the husband. Together they had reared two children who were both emancipated at the time of the dissolution.

Pursuant to the property settlement agreement, the husband received any and all retirement benefits acquired through his place of employment. The evidence showed that his retirement benefits were currently vested at the sum of $814 per month when he reached retirement age. He also received an unencumbered 1988 Chrysler New Yorker automobile. The wife received the marital residence, which was valued at $45,000, and the husband agreed to "pay and be responsible for \*\*\* the outstanding indebtedness owed to River Valley Savings Bank."

After the dissolution, the husband faithfully met his obligations. The wife remarried approximately one year later. In October 1990 she filed a petition in the circuit court asking for modification of the judgment to allow her to sell the marital residence and force the husband to secure alternative financing. The husband countered by filing an affirmative defense claiming that the payments he had been making were "periodic maintenance" and that obligation terminated upon the wife's remarriage. (Ill. Rev. Stat. 1989, ch. 40, par. 510(c).) On appeal, the husband asserts that since a property settlement is nonmodifiable, the wife, having filed the petition to modify, is estopped from claiming his obligation is anything other than periodic maintenance. We find this argument to be without merit. Both parties here were equally aware of the facts, and the only dispute is on the applicable law. The husband has not been misled or relied on the wife's erroneous position. *Paulik v. Village of Caseyville* (1981), 100 Ill. App. 3d 573, 427 N.E.2d 213.

It is the wife's contention that the husband's obligation relative to the former marital residence was not periodic maintenance because

there was a specific waiver of maintenance in the property settlement agreement. She further contends that the language "in the nature of maintenance" was used in the agreement for the purpose of attempting to assure the husband's obligation would be nondischargeable in the event of his bankruptcy.

The issue is whether assumption of the debt to River Valley Savings Bank is a nonmodifiable property settlement in lieu of maintenance or whether it was periodic maintenance. The trial court found that while a clear waiver of maintenance was set out in the agreement, the "in the nature of maintenance" language created an ambiguity which should be construed against the drafter. The document was drafted by the wife's attorney. The trial judge determined that the obligation to pay $378.79 per month for 15 years in effect constituted maintenance which terminated on the wife's remarriage. We disagree. We believe that the debt at issue here is in the nature of a property settlement and that the trial court was in error as a matter of law. *In re Marriage of Pitts* (1988), 169 Ill. App. 3d 200, 523 N.E.2d 664.

The testimony of the wife's attorney showed that the husband was not represented by counsel at the time he signed the property settlement agreement. In drafting the document, the wife's attorney's purpose was to incorporate the terms that the parties had agreed upon. The "in the nature of maintenance" language was designed and used solely to give his client protection from the husband's possible bankruptcy.

Both the husband and wife met with the wife's attorney prior to the execution of the property settlement agreement. The husband specifically told the lawyer that if she (the wife) ever got remarried he was not going to make any more payments. Wife's attorney refused to change the agreement, explaining to the husband that the house mortgage payments were a trade off for the wife's rights in the husband's pension. On a later date, the husband signed the agreement, apparently knowing that his requested changes had not been made.

Neither the label attached nor the method of payment prescribed in the judgment conclusively determines the nature of the obligation. (*In re Marriage of Rowden* (1987), 163 Ill. App. 3d 869, 516 N.E.2d 1041; *In re Marriage of Lytle* (1982), 105 Ill. App. 3d 1095, 435 N.E.2d 522.) The court must look to the substance of the judgment to determine the essential character of the obligation.

In the case at bar, the circumstances surrounding the execution of the document support the conclusion that the obligation is a property settlement, a trade off of wife's rights in the husband's pension in ex-

change for husband's obligation to pay the mortgage. The mortgage was for a specific sum to be paid over a specific period of time. Periodic maintenance differs in that it is payable for an indefinite period of time. (*In re Marriage of Davis* (1984), 124 Ill. App. 3d 1088, 465 N.E.2d 155.) The judgment also provided for a specific waiver of maintenance. The husband's specific request during negotiations to terminate payments upon the wife's remarriage was specifically denied and excluded from the property settlement agreement. In addition, the parties had "disparate incomes" with the husband earning considerably more than the wife. The language "in the nature of maintenance" was expressly used by the wife's attorney as a measure of protection for her in the event that the husband filed bankruptcy. It was designed to serve as a deterrent to the husband in the event he decided to try to avoid his obligation. Whether the debt was in fact dischargeable is a matter of Federal, not State, law and is not at issue in this proceeding. Periodic maintenance was specifically waived by the unequivocal language of paragraph 6 of the agreement.

We hold that the trial court's application of the rule that an ambiguity should be construed against the drafter was inappropriate where the court could have ascertained the intent of the parties. It is the intent of the parties which must govern the interpretation of a settlement agreement. (*In re Estate of Kite* (1974), 19 Ill. App. 3d 932, 312 N.E.2d 366.) The intent of the parties to this agreement is clearly to require the husband to pay all the mortgage payments.

We hold that the trial court erred in finding that the husband's obligation to pay the outstanding indebtedness owed to River Valley Savings Bank amounted to periodic maintenance terminable on the wife's remarriage. We further hold that the obligation was a property settlement in lieu of maintenance. Accordingly, the trial court's order on this issue is reversed. In that a property settlement is nonmodifiable (Ill. Rev. Stat. 1989, ch. 40, par. 510(b); *In re Marriage of Workman* (1980), 89 Ill. App. 3d 886, 412 N.E.2d 614), the order denying the wife's petition to modify is affirmed.

Affirmed in part; reversed in part.

HAASE and BARRY, JJ., concur.