**Wilma Ewert, Plaintiff-Appellant, v. Werner Ewert, Defendant-Appellee.**

**Gen. No. 48,886.**

First District, First Division.
April 29, 1963.

Paul R. Goldman and Marvin Sacks, of Chicago, for appellant.

George F. Griffith and Irvin J. Jacobson, of Chicago, for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

This is a post-divorce decree proceeding. Wilma Ewert appeals from an order denying her petition to compel her former husband, respondent Werner Ewert, to pay her the sum of $2,000, which the divorce decree had directed be paid her "out of the proceeds" of the sale of real estate jointly held by the parties. Petitioner also appeals from a subsequent order denying her later petition to vacate the first order.

The divorce decree entered December 17, 1956, provided that a jointly held parcel of real estate "shall immediately be placed for sale on the open market and that upon the sale of the same to a bona fide pur-

chaser for value, Wilma J. Ewert shall execute all necessary instruments of transfer and other documents which may be necessary for a conveyance of title," and that "Wilma J. Ewert . . . shall receive out of the proceeds of said sale, the sum of . . . $2,000 in full of all of her right, title and interest in and to said property." In addition, the decree provided that petitioner was to have the right to occupy her "apartment" on the premises, without charge, until the consummation of the sale, and further, that it was to be the obligation of respondent "to make all payments on the mortgage, other charges, liens, taxes, assessments and such encumbrances as may accrue on said property."

Plaintiff's verified petition for a rule to show cause, insofar as pertinent here, alleged only that "at the special instance and request of [respondent]" she had executed certain documents conveying her interest in the property, but that respondent had failed to turn over to her the $2,000 provided for in the divorce decree.

Respondent's verified motion did not controvert this allegation, but set forth: that prior to the date of the divorce decree, the premises were encumbered with a mortgage of some $18,000; that subsequently, the property became further encumbered with mechanics' liens totaling some $8,000, by reason of work, labor and services contracted for prior to the date of the decree; that the total amount of encumbrances was in excess of the fair market value of the property; that about 1959, the mortgagee, a savings and loan association, commenced foreclosure proceedings; and that subsequently, "pursuant to the advice of counsel the petitioner and respondent executed instruments conveying their interest in said property to [mortgagee], in full, complete and final satisfaction of any indebtedness on said premises." In her reply brief, peti-

163

tioner states that she signed the deed to avoid the entry of a deficiency judgment against her in the threatened mortgage foreclosure proceedings.

On May 15, 1962, the court entered an order stating:

> "This cause coming on to be heard on the petition of Wilma Ewert . . . and the Court being advised in the premises, and both parties being present in open Court and being represented by Counsel, . . . IT IS FURTHER ORDERED that Wilma Ewert . . . is not entitled to the sum of $2,000 as provided in the Decree for Divorce herein."

On May 31, 1962, petitioner moved to vacate the portion of the order set forth above, filing a verified petition which alleged that respondent "willfully failed to make the mortgage payments [to the mortgagee] and also failed to pay the mechanics' liens claimants in violation of the terms of the decree," and that as a result the mortgagee commenced the foreclosure proceedings. It was further alleged that petitioner was advised by respondent and his attorney that the only way she could receive the $2,000 was "by executing a Quit Claim Deed in favor of the mortgagee, . . . and in reliance on such representations," she executed the deed. Finally, petitioner alleged that if respondent had made all payments on the mortgage and liens as provided in the divorce decree, proceeds "in excess of $2,000 could have been realized on the sale of said property."

On May 31, 1962, after "being fully advised in the premises and both parties being represented by their respective counsel," the trial court denied petitioner's motion to vacate the order of May 15, 1962. Petitioner appeals from the entry of both orders.

The record filed in this court contains only the pleadings and the orders in question. There is no

report of the proceedings in the trial court, no agreed statement of facts, and no certification of what took place at the time the orders were entered. However, both orders contain the statement that the court was "advised in the premises." Such an order indicates, in the absence of any contrary indication in the order or in the record, "that the court heard adequate evidence, received enough information or listened to sufficient law and argument, as the necessity of the particular case required, to enable the court to reach what it believed to be the right decision on the issue presented." (Smith v. Smith, 36 Ill App2d 55, 59, 183 NE2d 559 (1962). Cf. O'Berry v. O'Berry, 36 Ill App 2d 163, 183 NE2d 539 (1962).) Therefore, on the record before us, we must assume that the court heard sufficient evidence to support the order of May 15, 1962, denying petitioner's right to the $2,000. "The presumption is in favor of the regularity of the proceedings in the trial court and this presumption will obtain until overcome by a showing that error has been committed." Smith v. Smith, 36 Ill App2d 55, 60, 183 NE2d 559 (1962).

It is obvious there were no "proceeds of sale" out of which to pay plaintiff her $2,000. Petitioner alleges in her May 31 petition that she was advised by respondent "that the only way Petitioner could receive $2,000 under the Decree for Divorce herein was by executing a Quit Claim Deed in favor of the mortgagee." She does not state how this was to be accomplished, or show in any way that respondent himself agreed to pay the $2,000.

■■ In the absence of anything to the contrary in the record, we assume that the trial court concluded that the failure of respondent to make the encumbrance payments was not willful or fraudulent, and that the action of both parties in executing a quitclaim deed to the mortgagee amounted to an agree-

165

ment of the parties to modify the decree to conform with the economic situation then presented, and in order to avoid a deficiency judgment. This action carried with it the implied release by petitioner of the decree requirement that $2,000 be paid her. Where the parties, subsequent to the entry of a decree, attempt to compromise their differences, the court may adopt the agreement of the parties and modify its decree to conform thereto, as it thinks fit. Am Jur, Divorce, Vol 17, § 734.

██ Petitioner also contends that the trial court erred in denying her motion to vacate the May 15th order. Section 50(6) of the Civil Practice Act provides that "the court may in its discretion, . . . on motion filed within 30 days after entry thereof set aside any final order, judgment or decree upon any terms and conditions that shall be reasonable." "Whether or not a court should vacate and set aside judgments and orders previously made generally rests in the sound discretion of the court, depending on the facts presented." (People ex rel. Elliott v. Benefiel, 405 Ill 500, 505, 91 NE2d 427 (1950).) And it is only where there has been an abuse of discretion that a reviewing court will interfere. (Dalton v. Alexander, 10 Ill App2d 273, 135 NE2d 101 (1956); Charles Ford & Associates of the Midwest Inc. v. Goldberg, 7 Ill App2d 241, 129 NE2d 337 (1955).) We find no abuse of discretion apparent on the record before us.

For the reasons stated, both orders appealed from are affirmed.

Affirmed.

BURMAN, P. J. and ENGLISH, J., concur.