(No. 52381.—

ROBERT E. LAMP, Appellee, v. SUSAN M. LAMP, Appellant.

*Opinion filed June 20, 1980.*

John R. Sprague, of Sprague, Sprague & Ysursa, of Belleville, for appellant.

Jim D. Keehner, Ltd., of Belleville, for appellee.

MR. JUSTICE WARD delivered the opinion of the court:

The plaintiff, Robert E. Lamp, filed a petition in the circuit court of St. Clair County on May 23, 1978, to modify a decree of divorce from the defendant, Susan M. Lamp, which the plaintiff had been granted on August 16, 1974. The circuit court granted the petition, and the appellate court, with one judge dissenting, affirmed (73 Ill. App. 3d 713). We granted the defendant's petition for leave to appeal.

The plaintiff's complaint for divorce charged the defendant with extreme and repeated mental cruelty. It asked that custody of the three minor children of the marriage be awarded to the plaintiff, and that the court make an equitable distribution of the property of the parties. The defendant filed a counterclaim for separate maintenance which also charged mental cruelty. The counterclaim asked that all the property of the parties be awarded to the defendant, and that the plaintiff be ordered to provide support for the defendant and the three children. The circuit court found in favor of the plaintiff on the complaint and found against the defendant on her counterclaim.

The decree ordered the payment of "temporary" alimony to the defendant of $300 a month, limited to a period of three months from the date of the decree. No further monetary award of alimony was made. The decree also gave custody of the three children to the defendant, subject to visitation privileges for the plaintiff. The plaintiff was ordered to pay the defendant child support in the amount of $100 per month for each of the three children, subject to escalation or de-escalation in the event of a change in the plaintiff's net income from its level in 1974. Each of the parties was directed to maintain specified amounts of life insurance payable to the three children as beneficiaries.

The decree gave the defendant possession of the marital home until the defendant should remarry or until the youngest of the three children should reach the age of 18 years, whichever should first occur. While the defendant was in possession of the home the plaintiff was to pay real estate taxes and mortgage installments, the defendant was to maintain a homeowners insurance policy, and maintenance expenses were to be divided equally between the parties. Upon the sale of the marital property, whose market value in 1974 was found to be $30,000, the defendant was to receive "one-half of that portion of the proceeds which represent the difference between the said $30,000 base amount and the then existing mortgage indebtedness."

On February 8, 1977, the plaintiff, who had remarried, petitioned the court to modify the decree by awarding him the custody of the children, subject to visitation privileges for the defendant. The petition alleged that circumstances had developed at the defendant's residence which prevented her from attending to the needs of the children and which created a threat of physical harm to them. The petition also asked that the obligation to make child-support payments be eliminated. The defendant filed an appearance as well as a consent to the entry of a default order as to custody and visitation. The circuit court granted the petition to modify the custody and visitation provisions. The court did not eliminate the child-support payments, and the record does not show whether these continued to be made by the plaintiff.

On May 16, 1978, the plaintiff filed a second petition to modify the decree, the one which is the subject of this appeal. At this time the defendant had not remarried, and the youngest child was 12 years old. The petition stated that the children were now residing with the plaintiff, and that their use of the marital home of the parties as a residence was no longer required. The petition asked

that the property be sold without awaiting the occurrence of the events enumerated in the decree. The court entered an order so providing.

The central question on this appeal is whether the provision of the decree awarding possession of the marital home to the defendant is to be characterized as a provision for periodic alimony or for child support, which are subject to modification, or rather as a property settlement or alimony in gross, which are not.

Section 801(c) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 801(c)) makes the Act applicable to "all proceedings commenced after its effective date for the modification of a judgment or order entered prior to the effective date of this Act." Section 510(a) (Ill. Rev. Stat. 1977, ch. 40, par. 510(a)) permits modification of provisions respecting maintenance, a term which corresponds to what was formerly called alimony, or child support upon a showing of "a substantial change in circumstances." Section 510(a) further states: "The provisions as to property disposition may not be revoked or modified, unless the court finds the existence of conditions that justify the reopening of a judgment under the laws of this State."

These provisions in general seem to carry forward the provisions of section 18 of the former statute regulating divorce (Ill. Rev. Stat. 1973, ch. 40, par. 19), which was in effect at the time the divorce decree in the present case was entered. The fifth paragraph of section 18 states:

> "The court may, on application, from time to time, terminate or make such alterations in the allowance of alimony and maintenance, and the care, education, custody and support of the children, as shall appear reasonable and proper. ***"

The parties have not called our attention to any significant difference between the pertinent provisions of the former act and the present act, and for purposes of our

decision we will consider that decisions under the former act remain applicable here.

The decisions of this court have established that the statutory power of a court to reduce the amount of periodic payments, whether by way of alimony or child support, is not defeated by the fixing of the amount of the payments in a settlement agreement which was incorporated in the decree. That rule is also followed in most other States (Annots., 61 A.L.R.3d 520, 657 (1975).) In *Herrick v. Herrick* (1925), 319 Ill. 146, the settlement agreement provided that the husband was to pay the wife $300 a month for her support and that of their son. Some 8 years later the husband filed a petition to reduce the payments because of a deterioration in his financial position, and the court lowered them to $200 per month. The court rejected the wife's contention that the incorporation of the agreement into the decree barred subsequent alteration. The court reasoned that the agreement had been merged in the decree and that since the statute permitted modification of the allowance, that statutory provision became a part of the agreement. This result, it was held, was not altered by a provision in the agreement and the decree that the payments were "in lieu of alimony." 319 Ill. 146, 152-53.

A situation resembling that in the case at hand was presented by *Maginnis v. Maginnis* (1926), 323 Ill. 113. In that case the wife had obtained a divorce in which she was awarded the custody of a minor child. The husband was ordered to pay the wife a total of $25 a week for her own use, so long as she remained unmarried, and for the support of the child. The husband was also required to pay the premiums on a life insurance policy which named the wife and the child as beneficiaries. Although the parties disagreed on whether these provisions of the decree had been consented to and incorporated in the decree by agreement, the court's opinion assumes that to be the case.

Thereafter the wife remarried, and the daughter, who had now reached the age of 18, took up residence with her father, and was supported by him. The husband petitioned the circuit court to be released from both the obligation to make further payments to the wife and the obligation to continue his life insurance in effect. The circuit court granted the petition. On appeal by the wife, the appellate court agreed that the husband need make no further payments to her, but held that he remained liable to pay premiums on the insurance policy. On a further appeal here the decision of the appellate court was reversed and that of the circuit court affirmed.

This court, adhering to its decision in *Herrick,* held that the agreement of the parties to the provisions of the decree did not preclude the court from modifying it. The court accepted the husband's claim that since his duty to support his wife ended when she remarried and his duty to support his child ended when the latter became of age, his obligation to pay insurance premiums terminated at the same time. The court considered but rejected the wife's claim that the obligation to maintain the insurance was a continuing and irrevocable obligation, stating, "the requirement to pay the insurance premium was part and parcel of the provision for maintenance." 323 Ill. 113, 120. See also *Adler v. Adler* (1940), 373 Ill. 361, 371-72.

So far as the minor children in the present case are concerned, the plaintiff's duty to make payment for their support was not limited by the decree to the period of their minority. Such payments are not an issue on this appeal, but under the circumstances here, where the children are residing with the plaintiff, and, we assume, are being supported by him, there can be no question but that elimination of monetary support payments would be appropriate under the *Maginnis* decision.

We consider that the provision for temporary possession of the marital home stands on the same basis as the

provision for monetary support.

During the period that the defendant was to be in possession, mortgage installments and real estate taxes were to be paid by the plaintiff. The decree did not require her to pay rent during this period, so that the accomodation of the children was provided rent free. An arrangement that the children continue to live in the marital home following the divorce was plainly intended for their benefit. Moreover, had it been necessary for the defendant to find other quarters, we must assume that a larger support payment would have been awarded. The award of possession of the home may thus be regarded as a supplement to the monetary child-support payments.

Although subject to earlier termination in the event of her remarriage, the outside limit on the defendant's possession was the date when the youngest child reached majority, which is the same date on which, under both section 18 of the former act and section 510(c) of the present act, the plaintiff's duty of child support would normally terminate. *Finley v. Finley* (1980), 81 Ill. 2d 317.

As is true of the support payments, the defendant's right to possession must be predicated on a continuance of the custody which the decree had awarded to her. Although the decree does not state in terms that her right to possession shall continue only as long as she has custody of the children, we do not find that omission significant. Our concern here is whether there has been a substantial change in circumstances, not whether that change was anticipated in the decree. As *Herrick* and *Maginnis* hold, an attempt in a decree to prohibit its future modification is ineffective. By the same token the modification here cannot be precluded by the failure of the decree to anticipate that its provisions for custody would themselves have been modified, particularly when the latter alteration had been agreed to by the defendant.

The defendant's claim is that she was entitled to remain in possession until the youngest child reached the age of 18, regardless of custody. The defendant's brief fails to state any basis for that position, but it must be that the award of possession was either a settlement in lieu of alimony under the third paragraph of section 18 (Ill. Rev. Stat. 1973, ch. 40, par. 19) or a provision as to property disposition under section 17 (Ill. Rev. Stat. 1973, ch. 40, par. 18) of the former act.

The defendant's claim presents several difficulties. In the first place, she assumes that the various provisions of the decree, including the disposition of the marital home, were founded on an agreement between the parties which was approved by the court. The decree does not approve, or indeed even mention, any settlement agreement, however.

The record contains no transcript of the report of proceedings. The only basis for the defendant's assumption that the decree was a consent decree is the following finding by the judge who granted the petition to amend the judgment:

> "1. That the decree of December 3rd, 1974, was not the result of a contested hearing reflecting the decision of the Court. Rather, the support and property provisions therein were the result of negotiation between the parties and approved by the Court."

The judge who made this finding was not the same judge who presided at the divorce proceedings, and there is nothing anywhere in the record to show on what it is based. If one assumes that it is only the existence of an agreement between the parties which bars modification of a decree (see *Smith v. Smith* (1929), 334 Ill. 370; *Walters v. Walters* (1951), 409 Ill. 298, 302) the necessary predicate for the defendant's claim has not been laid.

Secondly, there is no basis in the record for treating the possession of the marital home as being either alimony

in gross or as part of a property settlement. As to the former, permanent alimony, whether periodic or in gross, is not normally awarded to the spouse whose fault was the basis for the divorce. (*Adler v. Adler* (1940), 373 Ill. 361, 369.) The preferred form of alimony, moreover, is by periodic payments, and an award in gross is appropriate only in exceptional circumstances. (*Canady v. Canady* (1964), 30 Ill. 2d 440, 445.) No such circumstances are asserted or shown.

As to the hypothesis that the award of possession was part of a property settlement, the defendant assumes that the marital home was held in joint tenancy, another assumption not supported in the record. Even if it were held in joint tenancy, the defendant does not assert that she contributed to the purchase of the home, or that there were other special equities entitling her to occupancy prior to the partition of the property which was later to take place, or that she gave up some interest of her own as a *quid pro quo* for the possession. *Podgornik v. Podgornik* (1945), 392 Ill. 124; *Walters v. Walters* (1951), 409 Ill. 298, 304.

The case principally relied on by the defendant is *Chamberlin v. Chamberlin* (1970), 119 Ill. App. 2d 295, which also involved a divorce decree that awarded temporary possession of the marital home to one of the parties. In a proceeding which was apparently contested, the wife obtained a divorce on the ground of cruelty. The decree awarded her the custody of four minor children, and the husband was required to pay $50 a week for child support. The plaintiff was directed to convey to the defendant her interest in the marital home, which was held in joint tenancy, while the plaintiff was given sole and exclusive possession until the youngest child should reach majority. The plaintiff released all rights to alimony and all other claims arising out of the marital relation.

The plaintiff subsequently remarried, and after her

new husband moved into the home, the defendant filed a petition to modify the decree by requiring the plaintiff and the children to vacate the premises. The appellate court held that so far as the plaintiff's possessory interest was concerned, the decree was a property settlement and not subject to modification.

The court agreed, nevertheless, with the defendant's contention that the provision relating to possession was also for the benefit of the minor children, and as such would be subject to modification, to the extent of requiring the children to vacate the premises, but concluded that no showing had been made that removal of the children would benefit them in any way.

The facts of the *Chamberlin* case obviously differ widely from those of the case at hand.

In *Pope v. Pope* (1972), 7 Ill. App. 3d 935, also cited by the defendant, the husband obtained a divorce from the wife and was given custody of four minor children. The husband was given possession of the marital home, which was held in joint tenancy, until the youngest child reached majority. The wife was ordered to vacate the home, and she was enjoined from conveying her interest in it prior to that date. The holding of the appellate court was that a suit by the wife for partition must be dismissed. In the course of its opinion the appellate court stated:

"We believe that the intent of the court in entering the Divorce Decree was to ensure the existence of a home for the minor children of the marriage until they reached their majorities by granting possession of the marital home until the youngest child reached the age of 21 to the parent having custody." 7 Ill. App. 3d 935, 937.

The decision in *Pope* is not inconsistent with the result which we reach in the present case.

More pertinent, perhaps, than the decisions just discussed are *Barlow v. Barlow* (1978), 56 Ill. App. 3d 629,

and *Gray v. Gray* (1978), 57 Ill. App. 3d 430. In *Barlow* the wife obtained a divorce and was given custody of four minor children. She was also given the "use" of the marital home, without any limitation as to time. The home was then held in joint tenancy, but subsequent to the decree it had been converted to a tenancy in common. No alimony was decreed, and each party waived any right to the same. The husband was required to pay $65 a week in child support.

Some years later the defendant filed a petition for partition and also a petition to modify the decree by terminating the plaintiff's use of the home. As formulated by the appellate court (56 Ill. App. 3d 629, 630-31), the defendant's position was that the use of the home had been given to the plaintiff "so as to provide a home for the couple's children, and since the youngest child had reached the age of majority, that need no longer existed," whereas the plaintiff contended that the decree gave her the use of the marital home for life. The appellate court agreed with the defendant.

*Gray v. Gray* was not a modification proceeding but an appeal from the divorce decree. The decree granted a divorce to the husband, but granted custody of five minor children to the wife and required the husband to pay $500 a month for their support. The wife was also given exclusive possession of the marital home until she should remarry or until the youngest child should reach a specified age. On appeal the husband argued that the grant of possession was alimony in gross, which was alleged to be improper because the court had also awarded periodic alimony. The appellate court rejected this characterization, holding that the decree was intended only to make sure "that a permanent home was provided for the five minor children, rather than attempting to give the wife alimony in gross." 57 Ill. App. 3d 430, 436.

Although none of them involves precisely the same

constellation of facts as the case at hand, to the extent that the appellate court decisions discussed above are pertinent they support the view that the possession awarded to the defendant here was a form of support for the benefit of the children. A substantial change in circumstances having plainly occurred, the modification of the decree was proper.

The defendant also contends that the acceleration of the sale of the marital home somehow deprived her of a homestead. The marital home, according to the defendant, was held in joint tenancy; the divorce decree adjudged her to be at fault; it ordered partition and sale of the property; and she no longer has custody of the children. We cannot see how the modification of the decree deprived her of any homestead rights which she then had, and neither in her brief nor on oral argument has the defendant made clear the theory of her claim. We accordingly agree with the appellate court (73 Ill. App. 3d 713, 715) that the Homestead Act (Ill. Rev. Stat. 1977, ch. 52, par. 1 *et seq.*) has no bearing on the case.

For the reasons stated, we affirm the judgment of the appellate court.

*Judgment affirmed.*