*In re* MARRIAGE OF BENJAMIN F. DEMOND, Petitioner-Appellant, and TWO STAR EAGLE, Respondent-Appellee.

Fifth District   No. 5—85—0016

Opinion filed March 31, 1986.

Mateyka, Hill & Hill, P.C., of Edwardsville, for appellant.

David M. Fahrenkamp, of Hackett & Fahrenkamp, of Edwardsville, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

Benjamin F. Demond (petitioner) appeals from orders of the circuit court of Madison County disposing of several motions filed subsequent to a judgment of dissolution. He claims (1) the court had no authority to order him to pay past-due child support and maintenance amounts which had accrued prior to the dissolution judgment but which were not mentioned in that judgment, (2) the court had no authority to modify the property distribution contained in the judgment, and (3) the court abused its discretion in refusing to reduce the amount of maintenance awarded to respondent. We affirm in part, and reverse and remand with directions in part.

The petitioner and respondent, Two Star Eagle, were married in 1955, and six children were born to the marriage. On November 16, 1981, the marriage was dissolved, with all other issues reserved for later disposition. On June 30, 1983, the court entered a final judgment of dissolution which, *inter alia*, divided the marital property, awarded respondent $725 a month maintenance until October of 1988, and awarded respondent custody of the one minor child. Apparently neither party took a direct appeal from this judgment. However, several motions were subsequently filed, and the court entered an order on May 22, 1984, finding petitioner owed $4,410 in child support and maintenance arrearages which had accrued prior to the June 30, 1983, judgment. Petitioner filed a motion to modify the May 22, 1984, order regarding the arrearages. He also filed a motion to reduce the maintenance award. Respondent filed a motion asking the court to modify the distribution of property with regard specifically to a condominium the couple owned in Colorado. On December 7, 1984, the court disposed of all motions before it. The court refused to modify the maintenance award, but did modify the property distribution. The court left intact its order regarding arrearages accruing prior to the June 30, 1983, judgment.

Petitioner first contends the court erred in ordering him to pay

past-due maintenance and child support amounts which had accrued prior to the judgment entered on June 30, 1983. Petitioner claims respondent waived the right to these arrearages by failing to appeal the June 30, 1983, judgment, which made no mention of any arrearages. We disagree.

In the case of *In re Marriage of Johnson* (1982), 106 Ill. App. 3d 502, 513, 436 N.E.2d 228, 236, the husband contended the wife's claim for past-due temporary support payments was barred under the theory of *res judicata* because the judgment of dissolution did not refer to these arrearages. The court held that since the trial court had no power to directly modify petitioner's vested interests in the past-due installments, the court should not be able to indirectly modify those interests by failing to address them in the judgment of dissolution. (106 Ill. App. 3d 502, 513, 436 N.E.2d 228, 236.) Thus, in the present case, we reject petitioner's argument that he can no longer be ordered to pay these past-due amounts.

Petitioner next contends the court had no authority to modify the distribution of marital property contained in the June 30, 1983, judgment. The dispute centers around a condominium in Colorado which was marital property. In the June 30, 1983, judgment the court ordered the following:

"The Court hereby orders the parties to place the Colorado condominium on the market for sale and directs the parties to liquidate that marital asset. Two Star shall be responsible for making arrangements for the sale. The condominium shall be sold at the highest possible return. If an acceptable buyer is not located by Two Star within ninety (90) days of the date of entry of this order, then the condominium must be sold to any ready, willing and able buyer at the price of $89,500.00. Out of the proceeds of the sale the first $47,800.00 shall be paid to Ben, who out of the monies received shall extinguish the following liabilities in order of priority herein established:

(a) All past-due child support or maintenance accrued as of that time; (b) all attorney fees assessed against Ben hereunder; (c) the marital debts.

Two Star shall receive as her own property the rest and remainder of the net proceeds of the sale after the payment of costs of the sale, taxes, commissions and the $47,800 to Ben."

The court stated the parties had stipulated to the value of $89,500.

In May of 1984, after considering various motions, the court found that the condominium had been listed for sale at $89,500 but there had been no purchase offers. The court then ordered the condominium "to

be sold at a reduced price of $63,000.00 and the parties are directed to execute the documents necessary to list it for sale immediately." On December 7, 1984, the court found that "[t]here has been a change in circumstances caused by the decline of property values in the area of the parties' Colorado condominium resulting in a reduction of value to $63,000.00 from the value of $89,500.00 found in the Judgment." The court then ordered that the judgment "is modified to the extent that proceeds from the sale of the parties' condominium shall be divided equally between the parties to account for the diminished property value."

The question here is whether the court could modify the property distribution so that the parties would share equally in the proceeds of the sale of the condominium rather than enforce the earlier division decided on by the court. Petitioner argues that the court lacked jurisdiction to modify the June 30, 1983, judgment because the modification occurred more than 30 days after entry of the judgment and because of section 510(a) of the Illinois Marriage and Dissolution of Marriage Act, which states: "The provisions as to property disposition may not be revoked or modified, unless the court finds the existence of conditions that justify the reopening of a judgment under the laws of this State." Ill. Rev. Stat. 1983, ch. 40, par. 510(a).

■ We find the court did have authority to modify the distribution of proceeds under the doctrine of revestment. Under this doctrine, litigants may revest a court which has general jurisdiction over the matter with both personal and subject matter jurisdiction over the particular cause after the 30-day period following final judgment during which post-judgment motions must ordinarily be filed. (*People v. Kaeding* (1983), 98 Ill. 2d 237, 240, 456 N.E.2d 11, 14.) "In order for the rule to apply, the parties must actively participate without objection in proceedings which are inconsistent with the merits of the prior judgment." 98 Ill. 2d 237, 241, 456 N.E.2d 11, 14.

■ In the present case, it is clear the sale of the condominium was a continuing problem from the time judgment was entered. Neither party objected when, almost a year after the final judgment, the court lowered the price for which the condominium was to be sold. The general issue of the sale of the condominium was then before the court. After thus being revested with jurisdiction on this issue, the court had authority to modify the distribution of the proceeds of the sale to reflect the adjustment in the sale price.

■ While we find the court had jurisdiction to modify the distribution of the proceeds, we find it necessary to reverse and remand the portion of the order which did so. The court ordered the condominium

to be sold for the reduced price of $63,000, then divided the proceeds. This order, by setting a new sale price, bears the same characteristic which caused the original judgment to be unworkable. On remand, the court should order the condominium sold (if not already sold) to the highest bidder in the event that it cannot be sold at a price agreed upon by the parties. The court should also assign each party a percentage of the proceeds so as to reach an equitable division of marital property, keeping in mind the previous distribution of the other marital property.

Petitioner's final claim is the court erred in not reducing the amount of maintenance he was ordered to pay to respondent. In the judgment of dissolution, petitioner was ordered to pay respondent $725 a month maintenance until October of 1988. On October 25, 1984, petitioner filed a motion to modify that order, alleging there was a substantial change in circumstances under section 510(a). (Ill. Rev. Stat. 1983, ch. 40, par. 510(a).) Petitioner claims there was a substantial reduction in the amount of business available to his sign painting company. He noted that the cost of workers' compensation insurance had increased and that he owed past-due income taxes of which the court was unaware in its original order. Petitioner also stated that he had filed for bankruptcy due to his poor financial condition.

We cannot find the court abused its discretion in failing to reduce the amount of maintenance ordered. There was conflicting evidence regarding petitioner's ability to pay the $725 a month awarded, and the trial court chose to believe there was no substantial change in circumstances. The court found that petitioner had lied at trial about certain assets. The court clearly could question petitioner's credibility. It is difficult to address this issue at this time because the picture of the economic circumstances of the parties will not be complete until the court upon remand divides the proceeds from the sale of the condominium. Depending on that distribution, the petitioner may then attempt to show a substantial change in circumstances under section 510(a) warranting modification. Ill. Rev. Stat. 1983, ch. 40, par. 510(a).

For the foregoing reasons, we affirm the part of the order of the trial court requiring petitioner to pay past-due maintenance and child support amounts and refusing to reduce the amount of maintenance; and we reverse and remand with directions the part of the order which modified the sale price and the distribution of the proceeds from the sale of the condominium.

Affirmed in part, reversed and remanded with directions in part.

WELCH and JONES, JJ., concur.