*In re* MARRIAGE OF RICHARD A. WHARRIE, Petitioner-Appellee, and CHRISTINE A. WHARRIE, n/k/a Christine A. Hoffman, Respondent-Appellant.

Third District   Nos. 3—88—0403, 3—88—0594 cons.

Opinion filed April 28, 1989.

Robert E. White, of White, Marsh & Anderson, of Ottawa, for appellant.

Craig M. Armstrong, of Armstrong, Surin & Engels, of Ottawa, for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

The trial court granted the petitioner, Richard A. Wharrie, the tax deductions for the parties' children. The respondent, Christine A. Wharrie, n/k/a Christine A. Hoffman, appeals.

The record shows that on July 28, 1987, the trial court entered a judgment for dissolution of the Wharries' marriage. The judgment incorporated a marital settlement agreement signed by the Wharries. While the judgment awarded Christine custody of the parties' three children, it did not mention who would receive the tax deductions for the children.

On May 5, 1988, Richard filed a petition asking the court to award him the tax deductions. Richard claimed that he and Christine had agreed prior to their divorce that he would receive the deductions. In her reply to the petition, Christine denied that they had reached such an agreement.

Evidence produced at the hearing on Richard's petition showed that Christine's attorney had drafted the settlement agreement incorporated in the dissolution judgment. Christine testified that the settlement agreement was intentionally silent on the deductions issue. She claimed she knew that as the custodial parent she would automatically receive the deductions in the absence of a provision to the contrary. Her attorney also stated that this was his objective in not including a deductions provision in the agreement.

Richard testified that he and Christine had agreed that he would receive the deductions. He contended that their agreement was left out of the settlement agreement by mistake.

The trial court found Richard's testimony more credible than Christine's. It then awarded him the deductions.

On appeal, Christine argues that the trial court erred in modifying the dissolution judgment on the basis of new evidence. In essence, her position is that the court's jurisdiction was limited to correcting a mistake in the judgment, based upon a note, memorandum, or memorial paper in the files or records of the court. See *Fox v. Department of Revenue* (1966), 34 Ill. 2d 358, 215 N.E.2d 271.

In general, when more than 30 days have passed since entry of a judgment, the trial court loses jurisdiction to modify the judg-

ment. (*Weilmuenster v. H.H. Hall Construction Co.* (1979), 72 Ill. App. 3d 101, 390 N.E.2d 579.) However, under the doctrine of revestment, litigants may revest a court with jurisdiction after 30 days by actively participating in proceedings which are inconsistent with the merits of the prior judgment. *People v. Kaeding* (1983), 98 Ill. 2d 237, 456 N.E.2d 11; *In re Marriage of Demond* (1986), 142 Ill. App. 3d 134, 491 N.E.2d 501.

■ In the instant case, Christine did not object on jurisdictional grounds to the proceedings in issue and actively participated in them. At trial and on appeal she took the position that the dissolution judgment was intentionally silent on the deductions matter so that she would receive the deductions. Accordingly, the instant proceedings were inconsistent with the prior judgment.

Under the circumstances of this case, we find that the parties revested jurisdiction in the trial court. The court was then free to consider new evidence. Given the conflicts in that evidence, we will not disturb the court's determination that it found Richard's testimony more credible than Christine's. *Tandy v. Tandy* (1976), 42 Ill. App. 3d 87, 355 N.E.2d 585.

The judgment of the circuit court of Grundy County is affirmed.

Affirmed.

WOMBACHER, P.J., and BARRY, J., concur.