*In re* MARRIAGE OF MARY E. TAYLOR, n/k/a Mary E. Valdes, Petitioner-Appellant, and PAUL E. TAYLOR, Respondent-Appellee.

Fifth District   No. 5—88—0662

Opinion filed December 12, 1989.

Jack A. Strellis, of Strellis, Faulbaum & Field, of Waterloo, for appellant.

Kris F. Reitz, of Traughber & Reitz, Ltd., of Columbia, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

On September 9, 1987, the respondent, Paul Taylor, filed a petition seeking to modify a judgment of dissolution of marriage entered by the circuit court of Monroe County on May 23, 1979. On March 28, 1988, the circuit court granted the respondent's prayer for relief. The petitioner, Mary Taylor, subsequently filed this appeal. We affirm.

The May 1979 judgment of dissolution awarded respondent, *inter alia*, one-half of the equity in the marital residence, and awarded petitioner, *inter alia*, maintenance of $500 per month and 40% of respondent's retirement benefits. On January 22, 1981, petitioner and respondent entered into an oral agreement. The alleged terms of this agreement were that the respondent transferred his interest in the marital residence to petitioner in consideration for petitioner's releasing him from future payments.

On April 4, 1987, respondent retired from his employment with the Federal civil service, and he began receiving his pension benefits from his former employer later that summer. Upon his discovery that his former wife was receiving a significant portion of his pension benefits, and based upon his belief that he was entitled to all of those benefits, respondent filed this action on September 9, 1987, seeking modification of the judgment of dissolution to release him from the judgment's provision requiring him to provide 40% of his pension benefits to petitioner.

In its order of March 28, 1988, the circuit court, based on the testimony of the parties given at a hearing on March 7, 1988, determined that both petitioner and respondent intended for the oral agreement entered into between the parties in January of 1981 to release respondent from his obligation to provide *any and all* future payments to petitioner, including the payment of pension benefits. The court then modified the judgment of dissolution to conform to the oral agreement, relieved the respondent of his obligation—effective retroactively to January 22, 1981—to provide a portion of his pension benefits to petitioner, and ordered the petitioner to notify the Federal government that she was no longer entitled to share in those benefits.

The petitioner contends on this appeal that: (1) the trial court

erred in finding that it could modify, through an order entered eight years after the judgment of dissolution, property rights awarded in that judgment absent fraud or duress; and (2) the trial court's determination that the parties had entered into an oral agreement which divested the petitioner of pension benefits was against the manifest weight of the evidence.

The petitioner initially contends that the trial court erred in finding that it could modify, through an order entered eight years after the judgment of dissolution, property rights awarded in that judgment absent fraud or duress. The lower court modified the judgment to conform to an oral agreement entered into between the parties in January of 1981. We disagree with petitioner's contention that the trial court lacked the authority to modify the judgment, and we hold that the circuit court's determination to modify the judgment was not erroneous.

Both of the issues in this cause center around the oral agreement reached between the parties in January of 1981. Both parties are in accord that they entered into an agreement, although the parties differ in their interpretations of the terms of the agreement. Although the agreement was not reduced to writing, the intended effect of the agreement—to finalize the severance of the relationship between the parties—was sworn to by both petitioner and respondent at the hearing on March 7, 1988. At that hearing, respondent testified that "I gave this property for all future indebtedness. I asked her three times. I believed her to be a very honest person, and we shook hands on it, and she agreed that freed me from all future debts whatsoever." Petitioner testified, "I thought it would be good if we severed all ties, and this house was all we had left."

■■ As the appellate court noted in *Ewert v. Ewert* (1963), 41 Ill. App. 2d 161, 166, 190 N.E.2d 147, 149, "[w]here the parties, subsequent to the entry of a decree, attempt to compromise their differences, the court may adopt the agreement of the parties and modify its decree to conform thereto, as it thinks fit." We hold that the parties' valid agreement to modify vests the trial court with the authority to modify the dissolution decree to conform to the agreement reached between the parties. By giving effect to the agreement between the parties, we also give effect to the law's interest in encouraging settlements as a means of promoting judicial economy. (See *McCracken Contracting Co. v. R.L. DePrizio & Associates, Inc.* (1984), 122 Ill. App. 3d 680, 683, 462 N.E.2d 682, 685 ("[a]s an effective means of promoting judicial economy, settlements are generally encouraged and favored by the courts").) Were we to hold otherwise,

litigants to dissolutions would be discouraged from entering into settlements since the sense of finality that a settlement provides would be lost.

Finally, we cannot ignore the fact that, although the parties' formal method of agreement admittedly lacked the drafting skills that a competent attorney could have provided, both petitioner and respondent freely entered into this agreement and each relied upon it for over six years. Subsequent to the agreement, respondent discontinued paying his monthly maintenance to petitioner, and petitioner sold the marital residence for $65,000, retaining $48,000 from the sale after payment of the mortgage. In our opinion, it would have been grossly inequitable if the trial court had not modified the dissolution decree to conform to the agreement reached between the parties.

■ Since we have determined that the trial court did not err when it modified the judgment of dissolution, we next examine petitioner's second contention on this appeal: that the trial court's finding that the parties' oral agreement divested petitioner of pension benefits was against the manifest weight of the evidence. The modification of a divorce decree rests within the sound discretion of the trial court, and courts of review will not disturb the lower court's findings unless the evidence clearly so requires. (*Nordstrom v. Nordstrom* (1976), 36 Ill. App. 3d 181, 184, 343 N.E.2d 640, 643.) In *Doggett v. Doggett* (1977), 51 Ill. App. 3d 868, 871, 366 N.E.2d 985, 987-88, we restated the axiom that

> "the findings of a trial judge will not be disturbed and his opinion substituted by that of a court of review unless the holding of the trial judge is manifestly against the weight of the evidence. [Citations.] Underlying this rule is the recognition that, especially where the testimony is contradictory, the trial judge as the trier of fact is in a position superior to a court of review to observe the conduct of the witnesses while testifying, to assess their credibility, and to weigh the evidence and determine the preponderance thereof."

■ Since both parties stipulated at trial to the existence of an oral agreement between petitioner and respondent, the real issue here is whether sufficient evidence existed for the circuit court to determine that the parties' agreement—which unquestionably precluded future payments of maintenance from respondent to petitioner—also precluded the payment of pension benefits to petitioner. Since the respondent testified that this indeed was the intention of the parties, and since, after hearing the testimony and evaluating the demeanor and credibility of the witnesses, the circuit court determined that the

preponderance thereof favored respondent's account of this term of the agreement, we are unable to say that the circuit court's determination is against the manifest weight of the evidence, and we therefore affirm the circuit court's judgment on this issue.

For the foregoing reasons, we affirm the judgment of the circuit court of Monroe County.

Affirmed.

GOLDENHERSH and HOWERTON, JJ., concur.