*In re* MARRIAGE OF DIANA LYNN STEEL, Petitioner-Appellee, and MARTIN LYNN STEEL, Respondent-Appellant.

Fourth District   No. 4—89—0712

Opinion filed March 22, 1990.

Timothy D. Sturm, of Law Office of Timothy D. Sturm, of Springfield, for appellant.

Eldon H. Becker, of Knuppel, Grosboll, Becker & Tice, of Petersburg, for appellee.

JUSTICE GREEN delivered the opinion of the court:

On April 20, 1988, the circuit court of Mason County entered a decree dissolving the marriage of petitioner Diana Lynn Steel and respondent Martin Lynn Steel. The decree included an approved agreement, a portion of which stated:

"That at the present time the [petitioner] is living in a house owned by [respondent's] parents, and [respondent] agrees to pay the rent, the sum of $50.00 per month, on said home until such time as [petitioner] remarries, lives with a person of the opposite sex or the youngest child reaches the age of eighteen (18), which ever comes first."

On July 19, 1989, petitioner requested the court to modify the decree to require respondent to continue the $50-per-month payments even if she moved. She alleged respondent's parents had raised the rent from $50 per month, the amount required at the time of the dissolution decree, to $250 per month, and the amount of the increased rent would force her to move from the home. By an order entered

August 18, 1989, the court approved an agreement made between the parties, namely that: "[respondent] is to continue paying Fifty Dollars ($50.00) a month to the [petitioner] to apply on her rent until such time as the [petitioner] remarries, lives with a person of the opposite sex or the youngest child reaches the age of eighteen (18), whichever occurs first, which shall be considered maintenance." That order made no reference to any requirement that petitioner continue to live in the house owned by respondent's parents.

On appeal, respondent maintains the court erred in entering the agreed order because (1) the court should have allowed his motion to dismiss petitioner's petition to modify; (2) he was coerced into the agreement; and (3) the modification concerned a provision of a property settlement waiving maintenance, which the court could not properly do even by agreement.

■ We deal summarily with respondent's contention of error in the denial of the motion to dismiss petitioner's petition to modify the decree. He contends mainly that she did not allege a change in circumstances. However, she did allege respondent's parents had raised her rent substantially. Moreover, our ruling on the other issues subsumes this issue. If the order on appeal is a valid consent decree, error in ruling on the motion to dismiss is waived because the parties are precluded by a valid matrimonial consent decree. *Guyton v. Guyton* (1959), 17 Ill. 2d 439, 161 N.E.2d 832.

The issue of coercion arises from a statement of the court made on August 8, 1989, after it pronounced its order denying respondent's motion to dismiss the petition to modify. The court then stated to the parties:

"I can tell the parties what is going to happen in this Petition to Modify. If the rent was raised by [respondent's] parents, which they obviously have the right. It is their property, they can raise it any time they wish. But no doubt in my mind if in fact that was raised when the rent had been fifty dollars for all of these years that the purpose of raising that rent is simply to frustrate the agreement between the parties hereto. I clearly think that if that is what happened Mr. Becker's client [the petitioner] may very well be entitled to expect the reasonable value of similar housing from your client [the respondent]. I will note the Petition to Modify is to require your client [the respondent] to pay fifty dollars per month on whatever rent that may be. Now, if, in fact, the [petitioner] did move out and it was not because of rent, then the result may be different. If that is what the evidence will show, I will guarantee you the

Petition to Modify will be granted. Now with that in mind if you wish to proceed we can do so. If you want to talk, I will take a five minute recess."

After hearing the court's statement, the parties conferred and agreed to the August 18, 1989, order now on appeal.

■ In support of respondent's position that we should disregard his agreement to the entry of the August 18, 1989, order, he cites only *In re Marriage of Lipkin* (1987), 163 Ill. App. 3d 1033, 517 N.E.2d 41, and *In re Marriage of Pearson* (1981), 101 Ill. App. 3d 422, 428 N.E.2d 578. *Dictum* in those cases accurately sets forth the well-accepted rule that agreements to settle matters in matrimonial proceedings will not be upheld if procured by fraud or coercion. No cases are cited which hold that a statement by the court similar to that here constitutes coercion, and no such cases have been called to our attention.

■ We do not deem a statement made by the court to the parties during the course of the proceedings explaining how the court views matters to constitute coercion. In many ways, the statements of the court concerning its rulings in the course of proceedings give the parties information as to how the court views the issues and how the court would be likely to rule under certain contingencies. Unlike in *James v. James* (1958), 14 Ill. 2d 295, 152 N.E.2d 582, where a consent decree was set aside for fraud and coercion, no concealment of the assets of the parties occurred, and the court did not make a misstatement of the law.

We come now to the heart of this case. Respondent maintains the August 18, 1989, order on appeal constituted either an improper modification of the property settlement of the original decree of dissolution or an improper modification of the portion of that decree in which maintenance was waived by the petitioner.

Respondent first maintains the provision for the $50-per-month payment was property settlement because it could not have been maintenance. He relies upon the fact that item 12 of the parties' agreed property settlement incorporated in the decree of dissolution provided that maintenance was waived "except as herein before set forth." In a prior portion of the agreement, the parties had agreed that respondent would discharge certain bills of the parties with "the same to be construed as and for alimony or maintenance." While the provision for the $50 payment was also approved earlier in the agreement, the statement that assumption of the bills by respondent was "as and for *** maintenance" does give some indication the $50 provision was not to be considered to be maintenance. However, we af-

firm in any event.

■ Citing *In re Marriage of Lowe* (1981), 101 Ill. App. 3d 317, 427 N.E.2d 1367, respondent maintains the court could not properly modify the property settlement provisions of the decree. Citing *Faris v. Faris* (1986), 142 Ill. App. 3d 987, 492 N.E.2d 645, he also contends that, if the modification concerned a provision waiving maintenance, it was also not subject to modification. Section 510(a) of the Illinois Marriage and Dissolution of Marriage Act (Act) provides in part that "[t]he provisions [of a decree of dissolution] as to property division may not be revoked or modified, unless the court finds the existence of conditions that justify the reopening of a judgment under the laws of this State." (Ill. Rev. Stat. 1987, ch. 40, par. 510(a).) The cases cited by respondent and other cases containing similar holdings concern situations where the modifications were made *over the objection* of the party opposing the modification. No case has been called to our attention which, as here, concerns an *agreed* modification of a decree of dissolution.

■ Respondent asserts the language of the Act and the holdings in the cited cases express a public policy which would be violated if agreed modifications of the nature here were permitted. However, a public policy favoring stipulation between litigants when not arising from fraud and when not immoral has been stated as being generally applicable in *Catholic Bishop v. Village of Justice* (1980), 84 Ill. App. 3d 827, 832, 405 N.E.2d 1150, 1153, and in marital proceedings in *Guyton* and *Kazubowski v. Kazubowski* (1968), 93 Ill. App. 2d 126, 235 N.E.2d 664. Section 502(a) of the Act also contains language favoring settlement between the parties in regard to property, support, maintenance, and custody. Ill. Rev. Stat. 1987, ch. 40, par. 502(a).

■ Section 502(f) of the Act gives parties the power to specifically "preclude or limit modification of terms" of a decree except as to "support, custody or visitation of children." (Ill. Rev. Stat. 1987, ch. 40, par. 502(f).) Commentary to that statutory provision states that a purpose of permitting this limitation on modification is to eliminate " 'uncertainties based on the fear of subsequent motions to increase or decrease the obligations of the parties.' Uniform Marriage and Divorce Act (9A U.L.A.) §306, Commissioners' Note at 138." (Ill. Ann. Stat., ch. 40, par. 502(f), Historical & Practice Notes, at 403 (Smith-Hurd 1980).) Such a purpose does not require a prohibition against modification arising from agreement. We conclude that permitting the modification of the instant decree of dissolution would be fully consistent with the public policy of the State.

■ As the August 18, 1989, order on appeal was an agreed or-

der, not contrary to public policy and not shown to have resulted from fraud or coercion, respondent can challenge it on appeal only if the circuit court lacked jurisdiction to enter it. (*Guyton*, 17 Ill. 2d 439, 161 N.E.2d 832.) The supreme court has indicated the circuit court's jurisdiction in matrimonial matters is not necessarily limited by statutory provisions. (*In re Marriage of Bussey* (1985), 108 Ill. 2d 286, 294-95, 483 N.E.2d 1229, 1232-33.) More closely on point here is *In re Custody of Sexton* (1981), 84 Ill. 2d 312, 418 N.E.2d 729. There, a father sought a change-of-custody order in a dissolution proceeding less than two years after custody had been awarded to his wife. He failed to follow the requirements of then section 610(a) of the Act (Ill. Rev. Stat. 1977, ch. 40, par. 610(a)), which conditioned seeking such relief upon (1) filing an affidavit of danger to the child, and (2) obtaining court approval to proceed. The supreme court held that those requirements, although mandatory, were not jurisdictional. Accordingly, the error was held to have been waived when the issue was not raised in the trial court.

■ Here, at times pertinent to this case, the statutory provision limiting modifications of property dispositions (Ill. Rev. Stat. 1987, ch. 40, par. 510(a)) arose from Public Act 85—2 (Pub. Act 85—2, eff. May 1, 1987; 1987 Ill. Laws 1). After that enactment, Public Act 85—1001 (Pub. Act 85—1001, eff. July 1, 1988; 1987 Ill. Laws 4707) was enacted, also covering section 510(a) of the Act. It made no reference to any limitation upon modifications of property disposition. As both acts were enacted by the same General Assembly, we construe those acts together to give full effect to each and treat the provision limiting modification of property dispositions to still be in effect. (Ill. Rev. Stat. 1987, ch. 1, par. 1105.) However, we do not interpret the restriction to have deprived the court of jurisdiction to enter the order on appeal.

The limitations on modification of property dispositions contained in section 510(a) are just as much a detail of the Act as were the affidavit and court-approval provisions in *Sexton*. Moreover, the provision permitting modification when certain types of relief are requested tends to negate giving jurisdictional significance to the limitation, as that provision would then make jurisdiction dependent upon the existence of a cause of action. Furthermore, the public policy of encouraging parties to marital disputes to settle their disputes by agreement, when the best interests of children are not damaged, would not be served by a policy depriving the court of jurisdiction to approve a modification of a property settlement reached by agreement and incorporated in a consent decree. We hold the court had jurisdiction to

enter the appealed order even if it was the modification of a property disposition.

■ We also note the circuit court has a continuing jurisdiction to interpret matrimonial decrees during the course of their operation. (*Halper v. Halper* (1978), 57 Ill. App. 3d 588, 373 N.E.2d 598.) The order of August 18, 1989, indicates the court interpreted the original provision for the $50 payment as one involving maintenance, and the respondent consented to such an interpretation. The court then modified the maintenance provision. Even if the court would have been in error in so doing, that action was not contrary to any provision of the Act, and, thus, no jurisdictional question would arise. While the Act indicates a public policy of protecting the parties from repeated contest in regard to changes in maintenance, clearly no public policy is violated by permitting them to modify maintenance provisions by agreement.

For the reasons stated, the judgment of the circuit court of Mason County is affirmed.

Affirmed.

KNECHT, P.J., and STEIGMANN, J., concur.