574 N.E.2d 860 (1991)
215 Ill. App.3d 113
158 Ill.Dec. 747
In re MARRIAGE OF Carol J. HUBBARD, Petitioner-Appellee, and
John P. Hubbard, Respondent-Appellant.
No. 2-90-1305.
Appellate Court of Illinois, Second District.
June 20, 1991.
O'Brien, Healy, Wade & Gorman, Ronald T. Wade, Rockford, for John Hubbard.
Alexander & Cicero, P.C., Paul R. Cicero, Rockford, for Carol J. Hubbard.
*861 Justice NICKELS delivered the opinion of the court:
Respondent, John P. Hubbard, appeals from an order of the circuit court of Winnebago County that granted, in part, the petition of Carol J. Hubbard for an award of expenses incurred in preparing the marital residence for sale. Respondent was ordered to pay 80% of the actual repair expenses for the furnace at the marital residence. The sole issue raised by respondent on appeal is whether the trial court lacked jurisdiction to enter the order because it was a modification of the property rights of the parties set forth in the judgment of dissolution. We reverse.
The parties were married on July 30, 1983. No children were born of the marriage, but petitioner has a minor child from a prior marriage. Following a trial, a judgment of dissolution of marriage was entered by Judge Robert G. Coplan on August 7, 1990. The judgment provided that both parties were barred from receiving maintenance. It also stated that the following items were to be paid from the proceeds of the sale of the marital residence: marital debts totalling $12,140.80, petitioner's attorney fees in the amount of $2,849.60, and respondent's attorney fees in the amount of $2,446.00. Petitioner was to receive the remaining net proceeds from the sale of the marital residence.
On October 2, 1990, petitioner filed a petition requesting that respondent be ordered to pay $3,930.45 to petitioner for debts she incurred and would incur in preparing the marital residence for sale. Expenses to repair and maintain the house and yard totaled $1,154.45, and an estimate prepared by an air-conditioning and heating service provided that the cost of replacing parts of the furnace would be $2,776.
A hearing regarding the petition was held on October 3, 1990, before Judge Richard Vidal. Petitioner's counsel argued that respondent was earning approximately $100,000 per year while petitioner was earning approximately $20,000 per year. He stated that the marital residence had been sold, and the real estate closing was scheduled the following day. The equity to be realized from the sale would be approximately $30,000 to $35,000. He then argued:
"Now, what I guess I am suggesting is that the Court had a value in mind when it denied her maintenance and instead awarded her these proceeds. The fact that the furnace needs to be replaced means there is $2,700.00 less that she is going to receive."
Respondent's attorney argued that the court lacked jurisdiction to grant the relief petitioner was requesting because it constituted a "disposition of property," and the judgment, which disposed of the marital home and which was entered more than 30 days before the petition was filed, was final and could not be modified.
The trial judge found that he had jurisdiction because he was enforcing and interpreting the previous order of the court. He determined that the items to repair and maintain the house and yard were "those which [would] enhance the value of the property" and that petitioner would realize the benefit of those expenses. He found that the furnace repair was different, however, because it was a latent defect at the time of the trial and because it was a necessary repair of the property so it could be sold. He then ordered respondent to pay four-fifths, or 80%, of the necessary cost of the furnace repairs as respondent earned basically five times more than petitioner. Petitioner was ordered to pay onefifth of the cost.
After the trial court denied respondent's motion to reconsider and a written order was entered, this timely appeal followed. On appeal, respondent first notes that the order appealed from was entered more than 30 days after the judgment of dissolution was entered. He contends that the trial court did not therefore have jurisdiction to order respondent to contribute to the cost of furnace repairs. He argues that the order modified provisions in the judgment of dissolution with respect to property disposition and that, under section 510 of the Illinois Marriage and Dissolution of Marriage Act (Act) (Ill.Rev.Stat.1989, ch. *862 40, par. 510(b)), these provisions could not be modified. We agree.
Although a court clearly retains jurisdiction to enforce its judgments indefinitely (Waggoner v. Waggoner (1979), 78 Ill.2d 50, 53, 34 Ill.Dec. 330, 398 N.E.2d 5), it loses jurisdiction over a matter once 30 days have passed after the entry of a final and appealable order. (Northern Illinois Gas Co. v. Midwest Mole, Inc. (1990), 199 Ill.App.3d 109, 115, 145 Ill.Dec. 374, 556 N.E.2d 1276.) Provisions in a judgment of dissolution relating to maintenance, support and property disposition may be modified in some circumstances, however, pursuant to section 510 of the Act. Section 510(b) provides in pertinent part:
"The provisions as to property disposition may not be revoked or modified, unless the court finds the existence of conditions that justify the reopening of a judgment under the laws of this State." Ill.Rev.Stat.1989, ch. 40, par. 510(b).
Provisions which constitute a disposition of property or property settlement are therefore generally not modifiable or revocable. (In re Marriage of Martino (1988), 166 Ill.App.3d 692, 696, 117 Ill.Dec. 788, 520 N.E.2d 1139; In re Marriage of Lowe (1981), 101 Ill.App.3d 317, 318-19, 56 Ill.Dec. 821, 427 N.E.2d 1367; see also Lamp v. Lamp (1980), 81 Ill.2d 364, 369, 43 Ill.Dec. 31, 410 N.E.2d 31.) Property rights created by a judgment of dissolution become vested when the judgment is final, and a trial court lacks general jurisdiction to modify an order affecting these rights. In re Marriage of Redmer (1982), 111 Ill. App.3d 317, 321, 66 Ill.Dec. 912, 443 N.E.2d 1075; In re Marriage of Kekstadt (1980), 85 Ill.App.3d 952, 956, 41 Ill.Dec. 248, 407 N.E.2d 746.
Petitioner does not contend that the trial court's order was, in fact, a modification of maintenance or support. (Cf. Lamp, 81 Ill.2d at 369-77, 43 Ill.Dec. 31, 410 N.E.2d 31 (judgment awarding possession of marital residence to wife was in nature of award of child support and therefore modifiable); Martino, 166 Ill.App.3d at 696-97, 117 Ill.Dec. 788, 520 N.E.2d 1139 (agreement providing that husband would provide housing was a maintenance agreement which could be modified).) Therefore, the order at issue here could only affect the property disposition contained in the judgment. The trial court thus had jurisdiction to enter an order modifying the property disposition only if conditions existed which would justify the reopening of a judgment as in other civil cases. See Ill. Rev.Stat.1989, ch. 40, par. 510(b); Redmer, 111 Ill.App.3d at 321, 66 Ill.Dec. 912, 443 N.E.2d 1075.
The court in King v. King (1985), 130 Ill.App.3d 642, 85 Ill.Dec. 874, 474 N.E.2d 834, listed the circumstances under which post-30-day relief may be obtained from a final order. They are: (1) pursuant to section 2-1401 of the Code of Civil Procedure (Ill.Rev.Stat.1989, ch. 110, par. 2-1401; see In re Marriage of Reines (1989), 184 Ill. App.3d 392, 132 Ill.Dec. 654, 540 N.E.2d 394; In re Marriage of Shelton (1984), 127 Ill.App.3d 775, 83 Ill.Dec. 11, 469 N.E.2d 618); (2) under the revestment doctrine (see In re Marriage of Demond (1986), 142 Ill.App.3d 134, 137-38, 96 Ill.Dec. 455, 491 N.E.2d 501 (property disposition could be modified where parties actively participated in proceedings which were inconsistent with the merits of the prior judgment); see also In re Marriage of Wharrie (1989), 182 Ill.App.3d 434, 435-36, 130 Ill.Dec. 972, 538 N.E.2d 183; but cf. Licciardi v. Collins (1989), 180 Ill.App.3d 1051, 1056, 129 Ill.Dec. 790, 536 N.E.2d 840); (3) where the final order or judgment is void (see In re Marriage of Verdung (1989), 126 Ill.2d 542, 547, 129 Ill.Dec. 53, 535 N.E.2d 818); (4) pursuant to an agreement of the parties (see In re Marriage of Steel (1990), 195 Ill.App.3d 348, 352-54, 142 Ill.Dec. 31, 552 N.E.2d 381; In re Marriage of Taylor (1989), 191 Ill.App.3d 648, 650-51, 138 Ill. Dec. 876, 548 N.E.2d 106); and (5) where a nunc pro tunc order would be appropriate (cf. In re Marriage of Christianson (1980), 89 Ill.App.3d 167, 173-74, 44 Ill.Dec. 397, 411 N.E.2d 519). (See King, 130 Ill.App.3d at 654-55, 85 Ill.Dec. 874, 474 N.E.2d 834.) None of these circumstances exist here.
Petitioner argues, however, that the need to repair the furnace was unanticipated at *863 the time the judgment was entered and "the [trial] court properly elected to apportion the cost of repairing the furnace between the parties according to their ability to pay." She contends that the "apportionment was in no sense a modification of the decree, but was merely an exercise of the court's equitable power to interpret the substance of the decree in light of the court's obvious intention at the time the decree was entered." We cannot agree.
Despite jurisdiction to enforce a judgment (Waggoner, 78 Ill.2d at 53, 34 Ill.Dec. 330, 398 N.E.2d 5; In re Marriage of Milliken (1990), 199 Ill.App.3d 813, 817, 145 Ill.Dec. 821, 557 N.E.2d 591), a court does not have jurisdiction to engraft new obligations onto the judgment. (Waggoner, 78 Ill.2d at 53-54, 34 Ill.Dec. 330, 398 N.E.2d 5 (court could not modify judgment to require husband to remove judgment liens against marital residence which was awarded to wife); see also Milliken, 199 Ill.App.3d at 817-20, 145 Ill.Dec. 821, 557 N.E.2d 591 (court could not order husband to reimburse wife for wife's payment of husband's debt); In re Marriage of Pitts (1988), 169 Ill.App.3d 200, 207-09, 119 Ill. Dec. 908, 523 N.E.2d 664 (court could not modify judgment to provide that wife was to pay portion of mortgage and insurance on marital residence prior to sale where judgment expressly required husband to make all of the mortgage payments until the sale of the home); In re Marriage of Arkin (1982), 108 Ill.App.3d 103, 110-12, 63 Ill.Dec. 815, 438 N.E.2d 957 (court could not modify property settlement to require wife to pay one-half of the mortgage after she vacated the marital residence).) A court also lacks jurisdiction to make other equitable modifications. See In re Marriage of Clark (1986), 149 Ill.App.3d 613, 617-18, 103 Ill.Dec. 21, 500 N.E.2d 1092 (court lacked jurisdiction to award husband possession of marital residence even though wife, who was awarded possession of the residence until sale, permitted the property to fall into disrepair and failed to make any mortgage payments on the house causing the commencement of foreclosure proceedings); Redmer, 111 Ill.App.3d 317, 66 Ill.Dec. 912, 443 N.E.2d 1075 (court lacked jurisdiction to modify judgment to award possession of marital residence to husband after custody of the parties' minor children was transferred to him).
In this case, the judgment did not provide that respondent was to pay any part of the cost of preparing the marital residence for sale. Also, the judgment stated that petitioner was awarded "the remaining net proceeds of sale of the marital real estate." The use of the term "net proceeds" can only mean that petitioner was to receive any proceeds remaining after the specified items were paid and after the costs of sale, anticipated and unanticipated, were paid.
Therefore, while we agree with petitioner that the trial court's order was equitable and reasonable under these circumstances, the conclusion is inescapable that the trial court lacked jurisdiction to enter it.
For the foregoing reasons, the judgment of the circuit court of Winnebago County is reversed.
Reversed.
GEIGER and McLAREN, JJ., concur.